UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILSON RAMOS, As Administrator of the Estate of Jose A. Maldonado, and Individually | NO.: 3:16-CV-00166 (VLB) |
| v. | |
| TOWN OF EAST HARTFORD, OFFICER JASON KAPLAN, SERGEANT JAMES LIS, OFFICER JASON COHEN, and CHIEF SCOTT SANSOM OF THE EAST HARTFORD POLICE DEPARTMENT | MAY 19, 2016 |

## ANSWER AND AFFIRMATIVE DEFENSES

### NATURE OF THE ACTION

1-2. As to paragraphs 1 and 2, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

### JURISDICTION AND VENUE

3-4. As to paragraphs 3 and 4, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

### PARTIES

5-8. As to paragraphs 5, 6, 7 and 8, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion

about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

9. That portion of paragraph 9 which states: "Defendant Town of East Hartford is a Connecticut municipality incorporated in 1783 with the authority to operate its own police department. At all times relevant to this litigation, the Town of East Hartford was the employer of all of the other defendants in this action, with the authority and responsibility to train them and supervise their official conduct" is admitted. As to the remainder of paragraph 9, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

10. That portion of paragraph 10 which states: "Defendants Jason Kaplan, James Lis and Jason Cohen were, at all times relevant to this litigation, police officers of Defendant Town of East Hartford sworn to uphold the Constitution and laws of the United States and the State of Connecticut" is admitted. That portion of paragraph 10 which also states: "Defendant Lis held and holds the rank of Sergeant. Defendants Kaplan, Lis and Cohen were, at all times material to this action, on duty and acting under color of law, and they are sued in their individual capacities" is admitted. As to the remainder of paragraph 10, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

11. That portion of paragraph 11 which states: "Defendant Scott Sansom was, at all times relevant to this litigation, the Chief of Police of the Town of East Hartford" is admitted. As to the remainder of paragraph 11, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

12. As to paragraph 12, these defendants do not have sufficient

knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

**FACTUAL ALLEGATIONS**

13-23. As to paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

24-26. Paragraphs 24, 25 and 26 are denied.

27. As to paragraph 27, the Defendants admit only that Maldonado was intoxicated and deny the remainder of paragraph 27.

28-32. Paragraphs 28, 29, 30, 31 and 32 are denied.

33. As to paragraph 33, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

34. Paragraph 34 is denied.

35. As to paragraph 35, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

36-38. Paragraphs 36, 37 and 38 are denied.

39. That portion of paragraph 39 which states: "Defendants were on notice that prolonged or continuous exposure to the Taser device's electrical discharge has been proven to cause severe injury and death" is denied. As to the remainder of paragraph 39, these defendants do not have sufficient

knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

40. Paragraph 40 is denied.

41. That portion of paragraph 41 which states: "Defendants were on notice that Maldonado required immediate medical attention after being beaten and tased" is denied. As to the remainder of paragraph 41, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiff to his burden of proof.

42-43. Paragraphs 42 and 43 are denied.

44. As to paragraph 44, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

45-60. Paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59 and 60 are denied.

**FIRST COUNT**: (Violation of 42 U.S.C. § 1983 – Both Plaintiffs Against Defendants Kaplan, Lis and Cohen)

1-60. The answers to paragraphs 1 through 60 are hereby incorporated and made the answers to paragraphs 1 through 60 of the First Count, as if fully set forth herein.

61-65. Paragraphs 61, 62, 63, 64 and 65 are denied.

**SECOND COUNT**: (Violation of Monell – 42 U.S.C. § 1983 – Both Plaintiffs Against Defendants Town of East Hartford and Sansom)

1-65. The answers to paragraphs 1 through 65 of the First Count are hereby incorporated and made the answers to paragraphs 1 through 65 of the Second Count, as if fully set forth herein.

66-71. Paragraphs 66, 67, 68, 69, 70 and 71 are denied.

**THIRD COUNT:** (Violation of 42 U.S.C. § 1985 – Both Plaintiffs Against Defendants Kaplan, Lis and Cohen)

1-71. The answers to paragraphs 1 through 71 of the Second Count are hereby incorporated and made the answers to paragraphs 1 through 71 of the Third Count, as if fully set forth herein.

72-78. Paragraphs 72, 73, 74, 75, 76, 77 and 78 are denied.

**FOURTH COUNT:** (Violation of Article First, §§ 7,8 and 9 of the Connecticut Constitution – Both Plaintiffs Against All Defendants)

1-78. The answers to paragraphs 1 through 78 of the Third Count are hereby incorporated and made the answers to paragraphs 1 through 78 of the Fourth Count, as if fully set forth herein.

79-81. Paragraphs 79, 80 and 81 are denied.

**FIFTH COUNT:** (Negligence – Both Plaintiffs Against All Defendants)

1-47. The answers to paragraphs 1 through 47 are hereby incorporated and made the answers to paragraphs 1 through 47 of the Fifth Count, as if fully set forth herein.

48. Paragraph 48 is denied.

49-58. The answers to paragraphs 49 through 58 are hereby incorporated and made the answers to paragraphs 49 through 58 of the Fifth Count, as if fully set forth herein.

59. Paragraph 59 is denied.

60. The answers to paragraph 60 is hereby incorporated and made the answers to paragraph 60 of the Fifth Count, as if fully set forth herein.

61. As to paragraph 61, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

62-64. Paragraphs 62, 63 and 64 are denied.

**SIXTH COUNT**: (Wrongful Death of Jose A. Maldonado, Conn. Gen. Stat. § 52-555 – Plaintiff Wilson Ramos, as Administrator of the Estate of Jose A. Maldonado, Against All Defendants)

1-87. The answers to paragraphs 1 through 81 of the Fourth Count and paragraphs 48, 59 and 61-64 of the Fifth Count is hereby incorporated and made the answers to paragraphs 1 through 81 of the Fourth Count and paragraphs 48, 59 and 61-64of the Fifth Count, as if fully set forth herein.

88-91. As to paragraphs 88, 89, 90 and 91, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

92-94. Paragraphs 92, 93 and 94 are denied.

**SEVENTH COUNT**: (Recklessness – Plaintiff Wilson Ramos, as Administrator of the Estate of Jose A. Maldonado, against Defendants Kaplan, Lis and Cohen)

1-94. The answers to paragraphs 1 through 94 of the Sixth Count is hereby incorporated and made the answers to paragraph 1 through 94 of the Seventh Count, as if fully set forth herein.

95-97. Paragraphs 95, 96 and 97 are denied.

**EIGHTH COUNT:** (Bystander Emotional Distress – Plaintiff Wilson Ramos Individually Against Defendants Kaplan, Lis and Cohen)

1-97. The answers to paragraphs 1 through 97 of the Seventh Count is hereby incorporated and made the answers to paragraph 1 through 97 of the Eighth Count, as if fully set forth herein.

98. As to paragraph 98, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

99-103. Paragraphs 99, 100, 101, 102 and 103 are denied.

**NINTH COUNT:** (False Arrest/False Imprisonment – Plaintiff Ramos Individually Against Defendants Kaplan, Lis and Cohen)

1-103. The answers to paragraphs 1 through 103 of the Eighth Count is hereby incorporated and made the answers to paragraph 1 through 103 of the Ninth Count, as if fully set forth herein.

104-105. Paragraphs 104 and 105 are denied.

106. As to paragraph 106, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

107. Paragraphs 107 is denied.

**TENTH COUNT:** (Conn. Gen. Stat. § 52-557n – Both Plaintiffs Against Defendant Town of East Hartford)

**1-107.** The answers to paragraphs 1 through 107 of the Ninth Count is hereby incorporated and made the answers to paragraph 1 through 107 of the Tenth Count, as if fully set forth herein.

**108-109.** As to paragraphs 108 and 109, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

**110-111.** Paragraphs 110 and 111 are denied.

**ELEVENTH COUNT:** **(Conn. Gen. Stat. § 7-465 – Both Plaintiffs Against Defendant Town of East Hartford)**

**1-111.** The answers to paragraphs 1 through 111 of the Tenth Count is hereby incorporated and made the answers to paragraph 1 through 111 of the Eleventh Count, as if fully set forth herein.

**112.** Paragraph 112 is admitted.

**113.** As to paragraph 113, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

## BY WAY OF AFFIRMATIVE DEFENSES

1. The plaintiff has failed to state a cause of action upon which relief can be granted.

2. The plaintiffs' claims against defendants are barred by the doctrine of qualified immunity.

3. The plaintiffs' claims are barred by the doctrine of governmental immunity at Common law and pursuant to C.G.S. § 52-557n.

4. Plaintiff's claims are barred by plaintiff's contributory negligence including violation of C.G.S. § 53a-23.

5. Defendants actions are justified pursuant to C.G.S. § 53a-22.

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER JASON KAPLAN, SERGEANT JAMES LIS, OFFICER JASON COHEN AND CHIEF SCOTT SANSOM OF THE EAST HARTFORD POLICE DEPARTMENT


By   /s/ Thomas R. Gerarde
   Thomas R. Gerarde
   ct05640
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-11921
   Ph:   (860) 249-1361
   Fax:  (860) 249-7665
   E-mail: tgerarde@hl-law.com

## CERTIFICATION

I hereby certify that on May 19, 2016, a copy of foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by U.S. Mail to as indicate on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

David M. Cohen, Esq.
Wofsey, Rosen, Kweskin & Kuriansky
600 Summer Street
Stamford, CT 06901

    /s/ Thomas R. Gerarde
    Thomas R. Gerarde