# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILSON RAMOS, As Administrator of | : | NO.: 3:16-CV-00166 (VLB) |
| the Estate of Jose A. Maldonado, and | : | |
| Individually | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF EAST HARTFORD, OFFICER | : | |
| JASON KAPLAN, SERGEANT JAMES | : | |
| LIS, OFFICER JASON COHEN, and | : | |
| CHIEF SCOTT SANSOM OF THE EAST | : | |
| HARTFORD POLICE DEPARTMENT | : | JUNE 13, 2016 |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND PRODUCTION REQUESTS, DATED APRIL 12, 2016

Pursuant to Fed.R.Civ.P. 33 and 34, the defendants, TOWN OF EAST

HARTFORD, OFFICER JASON KAPLAN, SERGEANT JAMES LIS, OFFICER

JASON COHEN and CHIEF SCOTT SANSOM OF THE EAST HARTFORD POLICE

DEPARTMENT, hereby submit their objections to the plaintiff's interrogatories

and Production Requests, dated April 12, 2016, as follows

### INTERROGATORIES

1.      Identify every employee of the East Hartford Police Department who

came in contact with Wilson Ramos or Jose Maldonado on April 12, 2014 or

April 13, 2014.  For each such employee, describe in detail the nature and extent

of the contact.

ANSWER:   OBJECTION.  The defendant, Officer Jason Kaplan, declines to answer on the basis of his Fifth Amendment privilege.

2.   Identify every employee of the East Hartford Police Department who responded to or investigated the incident leading to the arrest and detention of Wilson Ramos and Jose Maldonado.  For each such employee, describe in detail the nature and extent of the involvement at the scene of the incident or investigating the incident.

ANSWER:   OBJECTION.  The defendant, Officer Jason Kaplan, declines to answer on the basis of his Fifth Amendment privilege.

8.   Describe in detail the reasons for deploying a Taser on Jose Maldonado and include the following:

  a.   The circumstances that led the officer(s) to believe it was necessary to deploy a Taser on Jose Maldonado;

  b.   Whether Jose Maldonado was given a warning prior to the deployment of the Taser and, if so, what was said by whom;

  c.   How long and how many times the Taser was deployed on Jose Maldonado; and

  d.   The present location and custodian of the Taser deployed on Jose Maldonado.

ANSWER:   OBJECTION.  The defendant, Officer Jason Kaplan, declines to answer on the basis of his Fifth Amendment privilege.

9.      Identify and describe all physical contact or force used by any

officers of the East Hartford Police Department during the arrest and detention

of Wilson Ramos and Jose Maldonado, including but not limited to:

        a.      The identity of every officer firing pepper spray at Wilson
            Ramos;

        b.      The identity of every officer firing pepper spray at Jose
            Maldonado;

        c.      The identity of every officer striking Jose Maldonado with his
            fists, and the number of blows delivered by each officer;

        d.      The identity of every officer firing a Taser at Jose Maldonado;
            and

        e.      The identity of every officer shoving Jose Maldonado into the
            wall of the holding cell at East Hartford police headquarters.

ANSWER:      OBJECTION.  The defendant, Officer Jason Kaplan, declines to
               answer on the basis of his Fifth Amendment privilege.


10.      State whether any of the defendant officers, on any occasion prior

to April 13, 2014, were ever cited, fined, penalized, demoted, or otherwise

reprimanded for any incident involving misconduct, discrimination, use of

excessive force, use of a Taser, and/or striking an individual.  For each such

incident, state:

        a.      The nature of the incident;

        b.      The date of the incident; and

     c.     The name, telephone number, and address of each individual involved.

**ANSWER:**    OBJECTION. The defendants object to this interrogatory in that it is beyond the scope of discovery permissible pursuant to Fed.R.Civ.P. 26(b), overly broad, unduly burdensome and not limited in time or scope.

12.    State the total number of police officers in the East Hartford Police Department as of April 13, 2014. Of that total number, state the number that are:

     a.     White;

     b.     Black;

     c.     Latino;

     d.     White and in supervisory positions;

     e.     Black and in supervisory positions; and

     f.     Latino and in supervisory positions.

**ANSWER:**    OBJECTION. The defendants object to this interrogatory in that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

13.    State the numbers of African-American or Latino police officers hired by the East Hartford Police Department for the five years prior to April 13, 2014.

**ANSWER:**    OBJECTION. The defendants object to this interrogatory in that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the burden or

4

expense of responding to this interrogatory outweighs any potential benefit.

14. State the population of East Hartford as of the U.S. Census in 2000 and 2010, and any interim or subsequent censuses.

ANSWER: OBJECTION. The defendants object to this interrogatory in that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the burden or expense of responding to this interrogatory outweighs any potential benefit.

15. State the Latino population of East Hartford as of the U.S. Census in 2000 and 2010, and any interim or subsequent censuses.

ANSWER: OBJECTION. The defendants object to this interrogatory in that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the burden or expense of responding to this interrogatory outweighs any potential benefit.

16. State the number of arrests made annually by the East Hartford Police Department from 2000 to 2014.

ANSWER: OBJECTION. The defendants object to this interrogatory in that it is irrelevant, immaterial and beyond the scope of discovery permissible pursuant to Fed.R.Civ.P. 26(b). In addition, it is overly broad, unduly burdensome and not limited in time or scope.

17. State the number of arrests of Latino individuals made annually by the East Hartford Police Department from 2000 to 2014.

5

ANSWER: OBJECTION. The defendants object to this interrogatory in that it is irrelevant, immaterial and beyond the scope of discovery permissible pursuant to Fed.R.Civ.P. 26(b). In addition, it is overly broad, unduly burdensome and not limited in time or scope.

18. For Officer Jason Kaplan, state the following:

   a. The number of arrests made while employed by the East Hartford Police Department;

   b. The number of arrests of Latino individuals made while employed by the East Hartford Police Department;

   c. The number of individuals on whom he has used a Taser while employed by the East Hartford Police Department;

   d. The number of Latino individuals on whom he has used a Taser while employed by the East Hartford Police Department;

   e. The number of individuals whom he has struck with his fists, for pain compliance or otherwise, while employed by the East Hartford Police Department; and

   f. The number of Latino individuals whom he has struck with his fists, for pain compliance or otherwise, while employed by the East Hartford Police Department.

ANSWER: OBJECTION. The defendants object to this interrogatory in that it is irrelevant, immaterial and beyond the scope of discovery permissible pursuant to Fed.R.Civ.P. 26(b). In addition, it is overly broad, unduly burdensome and not limited in time or scope.

19. For Sergeant James Lis, state the following:

   a. The number of arrests made while employed by the East Hartford Police Department;

    b.    The number of arrests of Latino individuals made while employed by the East Hartford Police Department;

    c.    The number of individuals on whom he has used a Taser while employed by the East Hartford Police Department; and

    d.    The number of Latino individuals on whom he has used a Taser while employed by the East Hartford Police Department.

**ANSWER:**    OBJECTION. The defendants object to this interrogatory in that it is irrelevant, immaterial and beyond the scope of discovery permissible pursuant to Fed.R.Civ.P. 26(b). In addition, it is overly broad, unduly burdensome and not limited in time or scope.

20.    For Officer Jason Cohen, state the following:

    a.    The number of arrests made while employed by the East Hartford Police Department;

    b.    The number of arrests of Latino individuals made while employed by the East Hartford Police Department;

    c.    The number of individuals on whom he has used a Taser while employed by the East Hartford Police Department; and

    d.    The number of Latino individuals on whom he has used a Taser while employed by the East Hartford Police Department.

**ANSWER:**    OBJECTION. The defendants object to this interrogatory in that it is irrelevant, immaterial and beyond the scope of discovery permissible pursuant to Fed.R.Civ.P. 26(b). In addition, it is overly broad, unduly burdensome and not limited in time or scope.

21.    Identify any litigation, administrative proceeding, or formal or

informal complaint, be it internal or external to the East Hartford Police

Department, since 2000, alleging or complaining of police misconduct, police

brutality, use of excessive force, or discriminatory law enforcement against any

of the defendants from 2000 to the present.  For each item identified, provide:

       a.     A description of the allegations;

       b.     The forum in which the allegations were raised;

       c.     Whether the allegations are still pending;

       d.     The resolution of such allegations, including any findings and discipline; and

       e.     The name, address, and telephone number of any such complainant.

ANSWER:    OBJECTION.  The defendants object to this interrogatory as it requests information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, the defendants object to this interrogatory in that it is overly broad and not limited in time or scope.  Each defendant officer will provide responsive information concerning complaints, if any, involving allegations of conduct substantially similar to that at issue in this case as to which a final determination of culpability was reached as to the defendant.

22.    Identify all recorded statements, written or auditory, from or to

police officers concerning the incident resulting in the arrest and detention of

8

Wilson Ramos and the arrest, detention, and death of Jose Maldonado on April

12, 2014 and April 13, 2014.

ANSWER:   OBJECTION. The defendants object to this interrogatory as it seeks
          information that may be protected from disclosure by the
          attorney/client and/or work product privileges. Officer Jason
          Kaplan declines to respond to this interrogatory on the basis of his
          Fifth Amendment privilege.


23.   Identify all recorded statements, written or auditory, from or to

emergency responders concerning Jose Maldonado on April 13, 2014.

ANSWER:   OBJECTION. The defendants object to this interrogatory as it seeks
          information that may be protected from disclosure by the
          attorney/client and/or work product privileges.


24.   Identify all reports generated or received by defendant Scott

Sansom concerning the homicide of Jose Maldonado in the East Hartford Police

Department on April 13, 2014 and the resulting investigation or investigations.

ANSWER:   OBJECTION. The defendants object to this interrogatory as it seeks
          information that may be protected from disclosure by the
          attorney/client and/or work product privileges.


25.   Identify all training materials, policy manuals, memoranda, or other

similar documents provided to the defendant officers during their employment

with the East Hartford Police Department concerning any of the following:

        a.   The proper use of a Taser;

    b.      The proper treatment of a suspect or subject who is intoxicated;

    c.      The permissible use of blows to the head or pain compliance in the course of arresting a suspect or handling a suspect in custody;

    d.      The role of a police officer in restraining a fellow police officer from the use of excessive force;

    e.      The assessment of the medical needs of civilians who have lost consciousness;

    f.      The administration of first aid to civilians who are unconscious, injured, or in medical distress;

    g.      The obligation to administer first aid while waiting for other emergency responders to arrive;

    h.      The number and location of automated external defibrillators ("AEDs") at East Hartford police headquarters on April 13, 2014; or

    i.      The administration of life-saving services to persons in need of emergency care through the use of AEDs.

**ANSWER:**    OBJECTION. The defendants object to this interrogatory as it is beyond the scope of discovery permissible pursuant to Fed.R.Civ.P. 26(b), and it is overly broad, unduly burdensome and not limited in time or scope.

26.    For the ten years prior to April 13, 2014, state the following:

    a.      The total number of individuals who were warned by an East Hartford police officer about the officer's potential use of a Taser, and the number of such individuals who were (i) White; (ii) Black; and (iii) Latino;

    b.    The total number of individuals on whom a Taser was drawn by an East Hartford police officer; and the number of such individuals who were (i) White; (ii) Black; and (iii) Latino;

    c.    The number and racial composition of individuals on whom a Taser was deployed by an East Hartford police officer, and the number of such individuals who were (i) White; (ii) Black; and (iii) Latino.

**ANSWER:**    OBJECTION. The defendants object to this interrogatory as it is beyond the scope of discovery permissible pursuant to Fed.R.Civ.P. 26(b), and it is overly broad, unduly burdensome and not limited in time or scope.

29.    State whether, from April 13, 2014 onward, any of the defendant officers or any other officers have faced any consequences in the East Hartford Police Department for involvement in the homicide of Jose Maldonado, including administrative leave (with or without pay), reassignment, discipline of any type, retraining, or any other Departmental response.

**ANSWER:**    OBJECTION. The defendants object to this interrogatory in that it is vague, argumentative, improper in form and beyond the scope of discovery permissible pursuant to Fed.R.Civ.P. 26(b).

30.    Identify every individual, with the exception of counsel, who assisted in the preparation of the responses to these interrogatories or who engaged in the search for documents responsive to the plaintiff's requests for production of documents. For each such individual, specify in detail what assistance the individual provided.

11

ANSWER:   OBJECTION.  The defendants object to this interrogatory in that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR DOCUMENTS

1.    All correspondence, notes, memos or any other documents

concerning or relating to communications between plaintiffs and defendants.

ANSWER:    OBJECTION.  The defendants object to this request on the grounds
that it is overly broad, unduly burdensome and requests
information which is irrelevant, not reasonably calculated to lead to
the discovery of admissible evidence and may be privileged.  The
defendant, Officer Jason Kaplan, declines to answer this request on
the basis of his Fifth Amendment privilege.

2.    All documents concerning any employment manual, code of ethics,

training materials, policy manuals, or similar documents for the defendants that

were in effect on April 13, 2014.

ANSWER:    OBJECTION.  The defendants object to this request on the grounds
that it is overly broad, unduly burdensome and requests
information which is irrelevant, not reasonably calculated to lead to
the discovery of admissible evidence and may be privileged.

4.    All documents, rosters, schedules, or memoranda listing all East

Hartford police officers on duty on the overnight shift on April 12, 2014 to April

13, 2014, or at any time that Wilson Ramos or Jose Maldonado were in custody

at the East Hartford Police Department on said dates.

ANSWER:    OBJECTION.  The defendants object to this request on the grounds
that it is overly broad, unduly burdensome and requests
information which is irrelevant and not reasonably calculated to
lead to the discovery of admissible evidence.

13

5.      All records of all weapons issued by the East Hartford Police

Department to each of the defendant officers at any time prior to April 12, 2014.

ANSWER:      OBJECTION. The defendants object to this request on the grounds
            that it is overly broad, unduly burdensome and requests
            information which is irrelevant and not reasonably calculated to
            lead to the discovery of admissible evidence.


6.      The disciplinary file for each of the defendant officers.

ANSWER:      OBJECTION. The defendants object to this request on the grounds
            that it is overly broad, unduly burdensome, not limited in time and
            scope, and it requests information which is irrelevant and not
            reasonably calculated to lead to the discovery of admissible
            evidence.


7.      The personnel file for each of the defendant officers.

ANSWER:      OBJECTION. The defendants object to this request on the grounds
            that it is overly broad, unduly burdensome, not limited in time and
            scope, and it requests information which is irrelevant and not
            reasonably calculated to lead to the discovery of admissible
            evidence.


8.      The training file for each of the defendant officers.

ANSWER:      OBJECTION. The defendants object to this request on the grounds
            that it is overly broad, unduly burdensome and requests
            information which is irrelevant and not reasonably calculated to
            lead to the discovery of admissible evidence.


10.     All documents concerning the hiring of each defendant officer,

including but not limited to the results of any personality or psychological

14

screening, any records of prior law enforcement employment, criminal records,

and any background investigation conducted by or on behalf of the East

Hartford Police Department or the Town of East Hartford.

ANSWER:     OBJECTION. The defendants object to this request on the grounds
            that it is overly broad, unduly burdensome and requests
            information which is irrelevant and not reasonably calculated to
            lead to the discovery of admissible evidence.


11.     All statements made by any East Hartford police officer concerning

the arrest and detention of Wilson Ramos.

ANSWER:     OBJECTION. The defendants object to this request on the grounds
            that it seeks the disclosure of information which is protected under
            the attorney/client privilege and/or constitutes word product.


12.     All statements made by any East Hartford police officer concerning

the arrest, detention, and death of Jose Maldonado.

ANSWER:     OBJECTION. The defendants object to this request on the grounds
            that it seeks the disclosure of information which is protected under
            the attorney/client privilege and/or constitutes word product. The
            defendant, Officer Jason Kaplan, declines to answer this request on
            the basis of his Fifth Amendment privilege.


13.     All statements, memoranda, photographs, video or audio recording,

or other records or things provided by the defendant to the Connecticut State

Police in connection with the homicide of Jose Maldonado.

**ANSWER:**   OBJECTION.  The defendant, Officer Jason Kaplan, declines to answer this request on the basis of his Fifth Amendment privilege.

15.   All videos depicting Wilson Ramos and Jose Maldonado on April

12, 2014 and April 13, 2014.

**ANSWER:**   OBJECTION.  The defendants object to this request on the grounds that it is overly broad, unduly burdensome and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request is indefinite in that it requires the defendants to exercise discretion or judgment in determining what is intended to be covered by the request.

17.   All documents concerning any investigation by the Connecticut

State Police or State's Attorney concerning the arrest and detention of Wilson

Ramos and/or the arrest, detention, and death of Jose Maldonado.

**ANSWER:**   OBJECTION.  The defendants object to this request as it seeks documents and information maintained by third parties.

18.   Copies of all polices of insurance and excess insurance identified

in response to Interrogatory 27, including, if applicable, any reservation of rights

correspondence.

**ANSWER:**   OBJECTION.  The defendants object to this request on the grounds that it is overly broad, unduly burdensome and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

16

19.   Copies of all documents identified in response to Interrogatory 22.

ANSWER:   OBJECTION.  The defendants object to this request on the grounds that it is overly broad, unduly burdensome and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it seeks the disclosure of information which is protected under the attorney/client privilege and/or constitutes work product.  The defendant, Officer Jason Kaplan, declines to answer this request on the basis of his Fifth Amendment privilege.

20.   Copies of all documents identified in response to Interrogatory 23.

ANSWER:   OBJECTION.  The defendants object to this request on the grounds that it is overly broad, unduly burdensome and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it seeks the disclosure of information which is protected under the attorney/client privilege and/or constitutes work product.  The defendant, Officer Jason Kaplan, declines to answer this request on the basis of his Fifth Amendment privilege.

21.   Copies of all documents identified in response to Interrogatory 24.

ANSWER:   OBJECTION.  The defendants object to this request on the grounds that it is overly broad, unduly burdensome and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it seeks the disclosure of information which is protected under the attorney/client privilege and/or constitutes work product.  The defendant, Officer Jason Kaplan, declines to answer this request on the basis of his Fifth Amendment privilege.

22.   Copies of all documents identified in response to Interrogatory 25.

ANSWER:   OBJECTION. The defendants object to this request on the grounds that it is overly broad, unduly burdensome, not limited in time or scope and requests information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

23.   All documents concerning any measures taken by the East Hartford Police Department to investigate the conduct of the defendant officers or any other officers in connection with the homicide of Jose Maldonado from April 13, 2014 onward.

ANSWER:   OBJECTION. The defendants object to this request on the grounds that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and which may be privileged. Further, the request is argumentative and improper in form and, thus, the defendants are incapable of answering the request.

24.   All documents concerning whether any of the defendant officers or any other officers have faced any consequences in the East Hartford Police Department for involvement in the homicide of Jose Maldonado, including administrative leave (with or without pay), reassignment, discipline of any type, retraining, or any other Departmental response, from April 13, 2014 onward.

ANSWER:   OBJECTION. The defendants object to this request on the grounds that it is argumentative and improper in form and, thus, the defendants are incapable of answering the request.

DEFENDANTS,
TOWN OF EAST HARTFORD, OFFICER
JASON KAPLAN, SERGEANT JAMES
LIS, OFFICER JASON COHEN AND
CHIEF SCOTT SANSOM OF THE EAST
HARTFORD POLICE DEPARTMENT


By _____
Kristan M. Maccini
ct25121
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-11921
Ph:  (860) 249-1361
Fax:  (860) 249-7665
E-mail: kmaccini@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent to all counsel of record, via electronic delivery and via regular mail, postage prepaid, this 13th day of June, 2016.

David M. Cohen, Esq.
Zachary J. Phillipps, Esq.
Wofsey, Rosen, Kweskin & Kuriansky
600 Summer Street
Stamford, CT 06901


_____
Kristan M. Maccini

19