## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILSON RAMOS,  Individually and as administrator of the estate of Jose A. Maldonado, and | : : : : | |
| *Plaintiff*, | : : | CIVIL CASE NUMBER: |
| v. | : : | 3:16-cv-166 (VLB) |
| TOWN OF EAST HARTFORD, OFFICER JASON KAPLAN, SERGEANT JAMES LIS, OFFICER JASON COHEN, and CHIEF SCOTT SANSOM OF THE EAST HARTFORD POLICE DEPARTMENT | : : : : : : | December 19, 2016 |
| *Defendants*. | : | |

## MEMORANDUM OF DECISION GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR AN ORDER TO COMPEL DISCOVERY [DKT. 20]

### I.   Introduction

Plaintiff Wilson Ramos, individually and as administrator of the estate of

Jose A. Maldonado, brings this Motion for an Order to Compel Discovery from

Defendants Town of East Hartford, Jason Kaplan, James Lis, Jason Cohen, and

Scott Sansom.  Plaintiff asks the Court to compel the Defendants to respond to

certain of the April 12, 2016 interrogatories and requests for production ("RFPs")

to which Defendants objected.  For the reasons that follow, Plaintiff's motion is

GRANTED-IN-PART and DENIED-IN-PART.

### II.   Background

 Plaintiff brought this action under 42 U.S.C. §§ 1983 and 1985, alleging that

the Defendants engaged in the excessive and racially discriminatory use of force,

1

leading to Mr. Maldonado's April 13, 2014 death while in police custody.  [*See* Dkt. 36 ("Compl.") ¶¶ 19-32, 34, 39-49, 52-60].

Plaintiff served its first set of discovery requests on April 12, 2016.  [Dkt. 20-2, ¶ 4].  Defendants served their responses and objections on June 13, 2016.  [Dkt. 20-2, ¶ 4; 20-3 at 20].  The parties met and conferred as required by Federal Rule of Procedure 37(a)(1), and Plaintiff filed its motion seeking an order to compel on July 25, 2016.  [*See* Dkt. 20; Dkt. 20-3, ¶¶ 6-9].  Plaintiff seeks responses to Interrogatories 1, 2, 8-10, 12-21, 25-26, and 30 and RFPs 1-2, 4, 6-8, 10, 13, 17-18, and 22.   These requests fall within the following subject areas:

(a)     The events surrounding Mr. Maldonado's arrest, detention, and death (Interrogatories 1, 2, 8, and 9, and RFP 13);

(b)     Disciplinary actions taken against the defendant officers prior to April 12, 2014 (Interrogatory 10);

(c)     The racial and ethnic makeup of the East Hartford police force (Interrogatories 12 and 13);

(d)     U.S. Census data for East Hartford (Interrogatories 14 and 15);

(e)     East Hartford arrest statistics (Interrogatories 16 and 17);

(f)     Arrest statistics for each of the defendant officers (Interrogatories 18,   19, and 20);

(g)     Third-party complaints against the East Hartford police department for civil rights violations (Interrogatory 21);

(h)     Training policies and procedures (Interrogatory 25 and RFPs 2 and 22);

(i)     The department's history of Taser use (Interrogatory 26);

(j)     Non-attorney individuals who participated in the preparation of responses to discovery requests (Interrogatory 30);

(k)     Documents concerning communications between the parties (RFP 1);

(l)     The identities of police officers working the overnight shift on April 12-13, 2014 (RFP 4);

(m)     Personnel information for each of the defendant officers (RFPs 6-8 and 10);

(n)     The investigation of Mr. Maldonado's death by Connecticut authorities (RFP 17); and

(o)     Information regarding the Defendants' insurance coverage (RFP 18).

Plaintiff requested the opportunity to make oral argument in support of their motion, but he did not specify any particular reason why the Court could not decide the matters at issue on the parties' briefs.  The Court has sufficient information to rule on the papers, and does not believe that oral argument would be a productive use of the Court's or the parties' resources.

III.   <u>Legal Standard</u>

Pursuant to Federal Rule of Civil Procedure 37(a), a party seeking discovery may move for an order to compel if opposing parties fail to answer interrogatories propounded under Rule 33, or fail to produce or permit inspection of documents requested under Rule 34.   However, the Court "must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action,

3

the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

The Court notes that the 2015 revision of the Federal Rules precludes the use of the type of boilerplate objections on which Defendants rely.  *See generally* 2015 Committee Notes to Fed. R. Civ. P. 26(b), 33, and 34.  Objections must be stated "with specificity," Rules 33(b)(4) and 34(b)(2)(B), and with respect to document requests, must state whether any responsive materials are being withheld on the basis of any objection, Rule 34(b)(2)(C).  Further, "reasonably calculated to lead to the discovery of admissible evidence" no longer governs the scope of discovery.  *See* 2015 Committee Notes to Fed. R. Civ. P. 26(b)(1) ("The phrase has been used by some, incorrectly, to define the scope of discovery . . . . The 'reasonably calculated' phrase has continued to create problems . . . and is removed by these amendments."]  In this opinion, the Court therefore applies the proportionality standard set forth in the amended Rule 26.

IV.   <u>Discussion</u>

A.  **The Events Surrounding Mr. Maldonado's Arrest, Detention, and Death (Interrogatories 1, 2, 8, and 9, and RFP 13)**

Defendant Officer Jason Kaplan initially declined to respond to Interrogatories 1, 2, 8, and 9, and RFP 13 "on the basis of his Fifth Amendment privilege."  Since Plaintiff filed his Motion to Compel, however, Officer Kaplan served amended responses to Plaintiff's interrogatories and document requests, and abandoned his assertion of the Fifth Amendment privilege as to all requests

except for Interrogatories 2 and 8.  [See Dkt. 32, Exhs. A and B].  In his amended responses to Interrogatories 1 and 9, Officer Kaplan stated, "Please see East Hartford Police Department Incident Reports and attachments ("Incident Report # 201400009436 and # 201400009426)."  *Id.*  In his amended response to RFP 13, he responded that the request was "more properly directed to the Town of East Hartford defendants."  [See Dkt. 32, Exh. B at 17].[1]

     With respect to Interrogatories 2 and 8, Plaintiff argues that Officer Kaplan waived his claim of privilege under the Fifth Amendment "as to anything he provided to the police or anyone other than his counsel."  [Dkt. 33 at 3].  Plaintiff argues further that the cited police report does not set forth information sufficient to fully respond, because the report "pertains only to the arrest and not the holding cell incident which resulted in Jose Maldonado's death."  *Id.*  Defendant denies that Officer Kaplan has waived his Fifth Amendment privilege, citing *Huaman v. Sirois*, No. 3:13-cv-484, 2015 WL 1806660 (D. Conn. Apr. 21, 2015), for the proposition that the "mere generating of an incident report" and statements made during an Internal Affairs investigation, do not waive the privilege.  [*See* Dkt. 32 at 4].  Since filing the instant motion to compel, Plaintiff has narrowed his request to seek only the information already provided to law enforcement officials.

     The Fifth Amendment provides, in relevant part, that "[n]o person ... shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  "To qualify for the Fifth Amendment privilege, a communication must

---

[1] Officer Kaplan used this response for most of Plaintiff's Interrogatories and RFPs.  [*See* Dkt. 32, Exhs. A and B].

be testimonial, incriminating, and compelled." *Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cty.*, 542 U.S. 177, 189 (2004). The Fifth Amendment privilege "must be broadly construed to serve the right it was designed to protect," *Estate of Fisher v. C.I.R.*, 905 F.2d 645, 648 (2d Cir. 1990), and the Court should not infer a waiver of this constitutional right lightly, *Emspak v. United States*, 349 U.S. 190, 196 (1955).

"[A] civil litigant may legitimately use the Fifth Amendment to avoid having to answer inquiries during any phase of the discovery process." *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 82 (2d Cir. 1995) (citing 8 Charles A. Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure* § 2018, at 273 (2d ed. 1994)). A party may invoke the Fifth Amendment to decline to answer an interrogatory when the party "has reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution." *Cf. OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 306 (S.D.N.Y. 2003) (discussing circumstances under which an individual may decline to answer deposition questions). "The danger of self-incrimination must be real, not remote or speculative." *Estate of Fisher*, 905 F.2d at 649 (citing *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 478 (1972)).

The Court recognizes that the Division of Criminal Justice investigation into Mr. Maldonado's death pursuant to Connecticut General Statutes § 51-277a remains pending; however, the Plaintiff now seeks only that material which Officer Kaplan has already voluntarily disclosed to the law enforcement agency

investigating Mr. Maldonado's death.  Revealing this information during civil discovery therefore cannot be thought of as "providing the government with evidence to fuel a criminal prosecution," *OSRecovery*, 262 F. Supp. 2d at 306.  Because law enforcement officials are already in possession of the information Plaintiff seeks, disclosure of this information to the Plaintiff cannot expose Officer Kaplan to a greater risk of prosecution.  His Fifth Amendment right against self-incrimination therefore does not entitle him to withhold it.

Allowing Officer Kaplan to withhold information during civil discovery that he willingly provided to the law enforcement officials empowered to initiate a criminal investigation, would improperly subvert the privilege's purpose.  The Fifth Amendment protects individuals from being compelled to incriminate themselves—it was not designed to shield defendants from civil liability.  *Cf. Mitchell v. United States*, 526 U.S. 314, 328 (1999) ("This Court has recognized the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them . . . .  The rule allowing invocation of the privilege, though at the risk of suffering an adverse inference or even a default, accommodates the right not to be a witness against oneself while still permitting civil litigation to proceed." (internal quotation marks omitted)).  Officer Kaplan must therefore respond to Interrogatories 2 and 8—either with a written response or via the production of business records pursuant to Federal Rule of Civil Procedure 33(d)[2]—to the extent he has already provided responsive information

---

[2] The Court notes that "The content of business records created on a voluntary basis is not subject to Fifth Amendment protection."  *OSRecovery*, 262 F. Supp.

to law enforcement authorities.  The Court notes that the most appropriate sanction for failing to respond to these interrogatories—the drawing of an adverse inference—would be the same regardless of whether Officer Kaplan refuses in defiance of this Court's order, or on Fifth Amendment grounds.

The parties' briefing is insufficiently detailed to assist the Court in determining whether Officer Kaplan may assert the privilege as to information beyond what has already been provided to law enforcement officials.  If the Plaintiff seeks this information, he must file a new motion.  The parties' briefing must set forth in detail the information sought, the content of Officer Kaplan's communications with law enforcement agents investigating this incident, and argument regarding why the Defendant believes any withheld information is privileged.  The briefing must also cite relevant authority regarding the circumstances under which a waiver may be inferred.

With respect to Interrogatories 1 and 9, Officer Kaplan also must respond to the extent he has provided responsive information or documents to law enforcement officials.  This includes, if applicable, information regarding events that may have transpired while the Plaintiff and Mr. Maldonado were detained following their arrest.

---

2d at 311.  "If the party asserting the Fifth Amendment privilege has voluntarily compiled the document, no compulsion is present and the contents of the document are not privileged."  *United States v. Doe*, 465 U.S. 605, 612 (1984). Whether the act of production has testimonial value that would operate to incriminate a party is a question of fact.  *Id.* at 614.  Here, where Plaintiff seeks only information that has already been provided to law enforcement authorities, the production of business records does not operate to incriminate Officer Kaplan.

With respect to RFP 13, the Court disagrees that "there can be little dispute that such a request is only properly directed to the Town of East Hartford."  [*See* Dkt. 21 at 5].  If it is true that Officer Kaplan provided no "statements, memoranda, photographs, video or audio recording, or other records or things . . . to the Connecticut State Police in connection with the homicide of Jose Maldonado," or that he neither has nor can obtain copies of such material, Officer Kaplan is required to so state in his responses to Plaintiff's RFPs.  *See* Fed. R. Civ. P. 34(b)(2).

Similarly, Officer Kaplan may not withhold any responsive documents on the grounds that he believes other Defendants have already produced identical documents.  The Defendants are represented by separate counsel and the Plaintiff is entitled to production from each party independently.  To the extent he has an objection, he must articulate his specific objection and note in his response whether any documents were withheld on the basis of this objection. *See id.*  ("For each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons . . . .  An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest.").  To the extent Officer Kaplan has any responsive documents in his possession, custody, or control, he must produce them.

With respect to Interrogatories 2 and 8, Plaintiff's motion is GRANTED to the extent it seeks information that Officer Kaplan has already provided to law enforcement officials investigating the death of Mr. Maldonado.  It is DENIED

without prejudice, to the extent it asks the Court to infer that Officer Kaplan has waived any Fifth Amendment privilege by unspecified disclosures to anyone other than his counsel or the law enforcement agencies investigating the death of Mr. Maldonado.  With respect to Interrogatories 1 and 9, and RFP 13, Plaintiff's motion is GRANTED.

**B. <u>Disciplinary Actions Taken Against the Defendant Officers Prior to April 12, 2014 (Interrogatory 10)</u>**

The Court finds that Interrogatory 10 is relevant to Plaintiff's claims and proportional to the needs of the case, as required by Rule 26(b)(1), except to the extent it seeks unspecified information regarding "misconduct."  "Misconduct" is a broad and vague term that could call for information unrelated to the claims in this case.  Connecticut General Statutes § 7-291c prohibits a police force from hiring an officer found responsible for or who resigned or retired during an investigation of malfeasance or serious misconduct.  Connecticut law defines those terms as follows:

> For purposes of this section, (1) "malfeasance" means the commonly approved usage of "malfeasance"; and (2) "serious misconduct" means improper or illegal actions taken by a police officer in connection with such officer's official duties that could result in a miscarriage of justice or discrimination, including, but not limited to, (A) a conviction of a felony, (B) fabrication of evidence, (C) repeated use of excessive force, (D) acceptance of a bribe, or (E) the commission of fraud.  Conn. Gen. Stat. § 7-291c(d).

With respect to Interrogatory 11, Plaintiff's motion is GRANTED insofar as it seeks information concerning malfeasance or serious misconduct as those terms are defined by Section 7-291c(d).

### C.  The Racial and Ethnic Makeup of the East Hartford Police Force (Interrogatories 12 and 13)

The Court finds that Interrogatories 12 and 13 are relevant to Plaintiff's claims and proportional to the needs of this case, as required by Rule 26(b)(1).  In particular, the Interrogatories are relevant to the claim that "[i]t is the longstanding widespread custom, habit, practice, and/or policy of Defendant Town of East Hartford to permit police officers to use race and race-based animus as motivating factors in police decisions and actions," [*see* Compl. ¶ 55]. The statistics are also likely to be readily available and not burdensome to produce.  Plaintiff's motion is GRANTED with respect to Interrogatories 12 and 13.

### D.  U.S. Census Data for East Hartford (Interrogatories 14 and 15)

The Court must consider the parties' relative access to information when determining whether a discovery request is reasonable.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii), and 2015 Committee Notes.  Because the information sought is readily available in public records, it is equally available to both parties. The Court will not require Defendants to do Plaintiff's work for him.  *See Espinal v. Coughlin*, No. 98 CIV. 2579 (RPP), 2000 WL 245879, at *1 (S.D.N.Y. Mar. 3, 2000) (citing *Konczakowski v. Paramount Pictures, Inc.*, 20 F.R.D. 588, 593 (S.D.N.Y. 1957) ("Defendants should not have to conduct a review of records in the possession of plaintiff or to which he has access and make determinations that plaintiff can do for himself.").  With respect to Interrogatories 14 and 15, Plaintiff's motion is therefore DENIED.

11

### E.  East Hartford Arrest Statistics (Interrogatories 16 and 17)

The Court finds that Interrogatories 16 and 17 are relevant to Plaintiff's claims and proportional to the needs of this case, as required by Rule 26(b)(1).  In particular, the Interrogatories seek information relevant to Plaintiff's claims that the East Hartford Police Department has engaged in a pattern and practice of discriminatory policing.  [*See* Compl. ¶¶ 55, 66].  Plaintiff's Motion is therefore GRANTED as to Interrogatories 16 and 17.

### F.  Arrest Statistics for Each of the Defendant Officers (Interrogatories 18, 19, and 20)

The Court finds that Interrogatories 18, 19, and 20 are relevant to Plaintiff's claims and proportional to the needs of this case, as required by Rule 26(b)(1). The Interrogatories seek information relevant to Plaintiff's claims that the Defendants have engaged in a pattern and practice of discriminatory policing, including by "accosting" and deploying Tasers disproportionately against racial minorities, and by condoning the use of "multiple blows to the head" to achieve suspects' compliance.  [*See* Compl. ¶¶ 47, 50-55, 66].  To the extent Defendants are concerned about the burden of reviewing "thousands of case incident reports," the Court notes that the Defendants may elect to produce business records containing responsive information pursuant to Rule 33(d).  Plaintiff's Motion is therefore GRANTED as to Interrogatories 18, 19, and 20.

### G.  Third-Party Complaints against the East Hartford Police Department for Civil Rights Violations (Interrogatory 21)

The Court finds that Interrogatory 21 is relevant to Plaintiff's claims and proportional to the needs of this case, as required by Rule 26(b)(1).  In particular,

the Interrogatory seeks information relevant to Plaintiff's claims that the Defendants have engaged in a pattern and practice of discriminatory policing. [*See* Compl. ¶¶ 50-55, 66].

Defendants offer to provide Plaintiff information "involving allegations of conduct substantially similar to that at issue in this case as to which a final determination of culpability was reached." [Dkt. 22 at 15]. Courts within the Second Circuit "do not predominantly hold that only 'substantiated' complaints of similar misconduct, specifically . . . excessive force complaints against Defendant[s], are subject to discovery." *Gross v. Lunduski*, 304 F.R.D. 136, 146 (W.D.N.Y. 2014); *see also, e.g.*, *Morales v. Town of Glastonbury*, No. 3:09CV713 JCH, 2011 WL 3490080, at *2 (D. Conn. Aug. 10, 2011) ("[C]ourts permit discovery of substantiated, unsubstantiated or even withdrawn complaints, if relevant."); *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) ("[C]omplaints that were abandoned or conciliated may not be admissible at trial, but that does not make them undiscoverable."). Defendants' offer is so narrowly circumscribed, and allows Defendants so much discretion, that the resulting response provides Plaintiff no information at all. [*See* Dkt. 22 at 15 ("The defendants answered the interrogatory . . . stating that none of the defendant officers have any substantiated complaints.")]. Plaintiff's Motion is therefore GRANTED as to Interrogatory 21.

### H. Training Policies and Procedures (Interrogatory 25 and RFPs 2 and 22)

Interrogatory 25 and RFPs 2 and 22 are relevant to Plaintiff's claims and proportional to the needs of this case, as required by Rule 26(b)(1). These

requests are particularly relevant to Plaintiff's claim that the Town of East Hartford and Chief Sansom "failed properly to hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline" the remaining Defendants, in violation of Plaintiff's civil rights.  [*See* Compl. ¶ 67].

To the extent Defendants are concerned that any of Plaintiff's requests "may" call for privileged information, the Court notes that the Federal Rules require Defendants to determine whether any responsive documents are privileged, and to produce all responsive, non-privileged information along with a privilege log describing the nature of the withheld documents.  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).  A privilege cannot be asserted without an accompanying privilege log.  "It is well settled that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.  This burden must be met with an evidentiary showing based on competent evidence and is not discharged by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed." *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 CIV. 5587PKLRLE, 2003 WL 41996, at *2 (S.D.N.Y. Jan. 6, 2003) (internal quotation marks and internal citations omitted).  Plaintiff's motion is GRANTED as to Interrogatory 25 and RFPs 2 and 22.

### I.   The Department's History of Taser Use (Interrogatory 26)

Interrogatory 26, which seeks information regarding the number and racial composition of individuals warned regarding the potential use of a Taser or on

14

whom a Taser was drawn, is relevant to Plaintiff's claims and proportional to the needs of this case, as required by Rule 26(b)(1).  This information is highly relevant to the Plaintiff's claim that the East Hartford Police Department relies excessively on the use of Tasers against unarmed civilians, and that the Defendants have "deployed Tasers against racial minorities with markedly disproportionate frequency."  [*See* Compl. ¶¶ 53-54].

Connecticut General Statutes Section 7-282e provides:

"Each law enforcement unit, as defined in section 7-294a, shall create and maintain a record detailing any incident during which a police officer, as defined in section 7-294a, (1) uses physical force that is likely to cause serious physical injury, as defined in section 53a-3, to another person or the death of another person, including, but not limited to, striking another person with an open or closed hand, club or baton, kicking another person or using pepper spray or an electroshock weapon on another person." Conn. Gen. Stat. Ann. § 7-282e.

Thus the information sought is or should be readily available and not overly burdensome to produce.  Plaintiff's motion is therefore GRANTED with respect to Interrogatory 26.

### J. Non-Attorney Individuals Who Participated in the Preparation of Responses to Discovery Requests (Interrogatory 30)

Citing *Strauss v. Credit Lyonnais, S.A.*, 252 F.R.D. 199, 231-32 (2007), Defendants argue that Interrogatory 30 seeks information that is protected attorney work product.  However, this objection was not raised in a timely fashion and is therefore waived.  *See* Fed. R. Civ. P. 33(b)(2), 33(b)(4) ("The responding party must serve . . . any objections within 30 days . . . .  The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived."); *accord Horace Mann Ins. Co. v.*

*Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) ("Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.").

It is worth noting, however, that the information Plaintiff seeks is not work product.  In *Strauss*, the Eastern District of New York held that "requiring [parties] to reveal the identities of individuals who assisted them with their interrogatory responses could easily reveal every person whom [the parties] or their agents have contacted, interviewed or communicated with concerning [their] allegations . . . or even which persons [the parties] believe to have the most relevant information."  *Strauss*, 242 F.R.D. at 232.  The court then stated that such information was work product.  *Id.*  This principle conflicts with the plain language of Rule 26(b)(3)(A), which protects from disclosure only "*documents and tangible things* that are prepared in anticipation of litigation or for trial" (emphasis added).  Individuals' identities are not documents or tangible things.

Therefore, this Court will not hold that the "identity of every individual, with the exception of counsel, who assisted in the preparation of the responses to these interrogatories or who engaged in the search for documents responsive to the plaintiff's requests for production of documents" constitutes work product. This language is the subject of "the most standard of discovery request[s]."  *See Omega Eng'g, Inc. v. Omega, S.A.*, No. CIV. 398CV2464AVC, 2001 WL 173765, at *4 (D. Conn. Feb. 6, 2001) ("Interrogatories Nos. 7 and 8 represent the most standard of discovery requests in that they simply seek: 1) the names of individuals who participated in the preparation of the interrogatory answers; and 2) the identity of

any document used for that same purpose."); *see also Equal Employment Opportunity Comm'n v. Sterling Jewelers Inc.*, No. 08-CV-00706(A)(M), 2010 WL 2803017, at *4 (W.D.N.Y. July 15, 2010) (holding a party "entitled to the identity of the individuals that assisted in preparation of the interrogatory responses").  And this type of information helps parties identify individuals with relevant knowledge, and document custodians capable of authenticating what is produced.  The Court therefore GRANTS Plaintiff's motion with respect to Interrogatory 30.

### K.  Documents Concerning Communications Between The Parties (RFP 1)

The Court finds that RFP 1 is relevant to Plaintiff's claims and proportional to the needs of this case, as required by Rule 26(b)(1).  Documents concerning communications between the parties may contain admissions that will help the parties and the Court resolve this matter.  The Court also notes that Defendants did not properly assert their privilege objections.  As stated in Sections III, IV.A., and IV.H., *supra*, Defendants must include in their response whether they have withheld any documents on the basis of their objections, *see* Rule 34(b)(2), and they must produce a privilege log where responsive documents are withheld pursuant to the attorney client privilege or work product doctrine, *see* Rule 26(b)(5)(A)(ii).  Defendants have therefore failed to meet their burden of establishing the existence of a privilege.

Plaintiff's motion is therefore GRANTED with respect to RFP 1, and Defendants are ordered to produce all responsive, non-privileged documents, and a privilege log if applicable.

17

### L.  The Identities of Police Officers Working the Overnight Shift on April 12-13, 2014 (RFP 4)

Because Defendants indicated in their Opposition that they produced the requested documents, [*see* Dkt. 22 at 21], Plaintiff's motion with respect to RFP 4 is MOOT.

### M.  Personnel Information for Each of the Defendant Officers (RFPs 6-8 and 10)

Defendants' reliance on *Williams v. City of Hartford*, No. 3:15CV00933(AWT), 2016 WL 1732719, at *12 (D. Conn. May 2, 2016), and *Badolato v. Adiletta*, No. 3:10CV1855 (JBA), 2012 WL 28704, at *2 (D. Conn. Jan 5, 2012), is misplaced.  In both of those cases, the allegations concerned the abuse of power of individual police officers during discrete incidents, and the plaintiffs were prevented from accessing personnel files wholly unrelated to those incidents. Here, Plaintiff has alleged a pattern and practice of the excessive and discriminatory use of force, and the requested documents are relevant to Plaintiff's claims that Chief Sansom and the Town of East Hartford "failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline" the defendant officers.  [Compl. ¶ 67].  These are broader claims than were raised in either cited case, and they therefore call for a broader scope of discovery.

The fact that the claims implicate important federal civil rights—and involve a homicide allegedly resulting from the violation of these rights—also counsels in favor of requiring greater disclosure under the Rules' proportionality standard. *See* Fed. R. Civ. P. 26(b)(1) (stating that one factor relevant to whether discovery

is proportional to the needs of the case is "the importance of the issues at stake in the action"); *cf. Kelley v. City of Hamden*, No. 3:15CV00977(AWT), 2015 WL 9694383, at \*4 (D. Conn. Nov. 23, 2015) ("[I]mportant federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983 prevails over any interest in the confidentiality of the arrest records.").

This case's standing protective order should also mitigate Defendants' concerns about the disclosure of sensitive personal information.  *Cf. Crespo v. Beauton*, No. 15-CV-412(WWE)(WIG), 2016 WL 525996, at \*2 (D. Conn. Feb. 9, 2016) ("While the Commissioner's concern about producing confidential information is understandable, such concern can be addressed . . . by entering into a protective order limiting the use and disclosure of any personally identifiable information contained in the records.").  The Court entered the protective order to encourage fulsome disclosures during the discovery process, and it permits the Defendants to designate as confidential any "information implicating an individual's legitimate expectation of privacy."  [*See* Dkt. 5 ¶ 3]. The Court also agrees with Plaintiff that he has requested files that Defendants likely already maintain, and for which production would pose little burden.

While the scope of documents sought through these requests is broad, the production (or inspection) of responsive documents is warranted.  Plaintiff's Motion is therefore GRANTED with respect to RFPs 6-8 and 10.

### N.  The Investigation of Mr. Maldonado's Death by Connecticut Authorities (RFP 17)

As stated in Section IV.D., *supra*, the Defendants are not obligated to produce documents that are equally available to both parties.  Here, Defendants claim (1) they have produced all documents concerning the state investigations that remain in their possession, custody or control; and (2) additional responsive documents are in Connecticut state authorities' custody.  These documents are equally available (or unavailable) to all parties via subpoena or Freedom of Information Act request.  Plaintiff's motion is therefore DENIED with respect to RFP 17.

### O.  Information Regarding the Defendant's Insurance Coverage (RFP 18)

Defendants have cited no precedent for their assertion that Rule 26(a)(1)(A)(iv) bars Plaintiff from requesting, or precludes the production of, "reservation of rights correspondence and/or other such documentation."  The Court also finds it puzzling that Defendants apparently raised no relevance objections to the interrogatory seeking the identification of the requested documents, but believes them too irrelevant to produce.  [*See* Dkt. 20-1 at 28].  RFP 18 is relevant to the issue of damages, and proportional to the needs of the case—particularly because producing documents that they have already identified imposes little burden on Defendants.  Plaintiff's motion is therefore GRANTED as to RFP 18.

### V.  Conclusion

For the foregoing reasons, Plaintiff's Motion for an Order Compelling Discovery is GRANTED-IN-PART and DENIED-IN-PART.

**Within 21 days of the date of this Order, Defendants are hereby ORDERED to:**

1) **Respond in full to Interrogatories 12, 13, 16, 17, 18, 19, 20, 21, 25, 26, and 30.**

2) **Respond to Interrogatory 11 to the extent it seeks information concerning "malfeasance" or "serious misconduct" as those terms are defined by Conn. Gen. Stat. § 7-291c(d).**

3) **Produce all non-privileged documents in their possession, custody, or control that are responsive to Requests for Production 1, 2, 6, 7, 8, 10, 18, and 22, along with a privilege log, if applicable.  The parties are ordered to meet and confer concerning any such log and seek a court order within 63 days of the date of this order, should they be unable to resolve any resulting disputes.**

**In addition, Defendant Officer Kaplan is specifically ORDERED to:**

1) **Respond in full to Interrogatories 1 and 9;**

2) **Respond to Interrogatories 2 and 8 to the extent he has voluntarily provided responsive information to the law enforcement officials investigating the alleged homicide of Mr. Maldonado; and**

3) **Produce all non-privileged documents in his possession, custody, or control that are responsive to RFP 13, along with a privilege log, if applicable.  The parties are ordered to meet and confer concerning any such log and seek a court order within 63 days of the date of this order, should they be unable to resolve any resulting disputes.**

**IT IS SO ORDERED.**


_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**


**Dated at Hartford, Connecticut:  December 19, 2016**