UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILSON RAMOS, As Administrator of the Estate of Jose A. Maldonado, and Individually : : : : | NO.: 3:16-CV-00166 (VLB) |
| v. : : | |
| TOWN OF EAST HARTFORD, OFFICER : JASON KAPLAN, SERGEANT JAMES : LIS, OFFICER JASON COHEN, and : CHIEF SCOTT SANSOM OF THE EAST : HARTFORD POLICE DEPARTMENT : | NOVEMBER 15, 2017 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**JOINT MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c)(1)(D), the defendants, Town of East Hartford, Officer Jason Kaplan, Sergeant James List, Officer Jason Cohen, and Chief Scott Sansom ("defendants"), hereby submit this Memorandum of Law in support of their Joint Motion for Protective Order with regard to the deposition of plaintiffs' expert Dr. Robert Myerburg, which has been noticed by the plaintiffs for November 20, 2017.

I.  **BACKGROUND FACTS**

This matter arises out of an incident that occurred on April 14, 2014, resulting in the death of Jose A. Maldonado. The original complaint was filed on February 2, 2016. (Doc. # 1). On March 8, 2017, the Court dismissed the case without prejudice, pending a decision by the Connecticut State's Attorney whether or not to prosecute any of the involved officers. (Doc. # 47). On June 28,

2017, the plaintiffs filed a Motion to Reopen Case (Doc. # 49), based on the State's Attorney's decision declining to prosecute any of the involved officers.

On July 12, 2017, the Court issued a Scheduling Order (Doc. # 53), which set forth fact discovery and expert discovery deadlines. Per the scheduling order, fact discovery must be completed by March 14, 2018. Opening expert reports are due by April 25, 2018 with depositions to be completed by June 6, 2018; rebuttal expert witness reports are due by July 18, 2018, with depositions completed by August 29, 2018.

At this time, one fact deposition has gone forward, and party depositions have only just begun to be scheduled and noticed.

On September 7, 2017, the plaintiffs disclosed an expert witnesses, Dr. Robert J. Myerburg. (See Plaintiffs' Disclosure of Expert Witness and Testimony, attached hereto as *Exhibit A*, dated September 7, 2017). On September 25, 2017, the plaintiffs issued a Notice of Deposition of their own expert, Dr. Myerburg. (See Plaintiffs' Notice of Deposition, attached hereto as *Exhibit B*, dated September 25, 2017). It subsequently became evident that plaintiffs' intention in taking and video recording this deposition was to preserve Dr. Myerburg's testimony for trial without the defendants first taking a discovery deposition. In the process of trying to schedule a discovery video deposition of Dr. Myerburg, which proved very difficult, new counsel, Attorney Michael Brave, was retained for the purpose, <u>inter alia</u>, of deposing Dr. Myerburg. The defendants', Town of East Hartford, Officer Cohen, Sergeant Lis, and Chief Sansom, *pro hac vice* motion to admit Attonrey Michael Brave has been granted by the Court. (Doc. #

2

72). Upon communicating this with plaintiffs' counsel, Attorney Cohen indicated he would not agree to mark off Dr. Myerburg's deposition for November 20, 2017, claiming that this would disrupt trial preparations and cause an undue burden to the plaintiffs. (See Email from David Cohen to Thomas Gerarde, attached here to as *Exhibit C*, dated October 30, 2017). Counsel also indicated that Dr. Myerburg is very busy, and it proved challenging to find a time to conduct his video deposition prior to November 20, 2017. (See Email from David Cohen to Thomas Gerarde, attached hereto as *Exhibit D*, dated, October 24, 2017). Dr. Myerburg was unable to accommodate a full day deposition and would only be able to offer the morning of November 13, 2017 and a subsequent morning. (See Email from David Cohen to Thomas Gerarde, attached hereto as *Exhibit E*, dated October 25, 2017). Now that the Defendants have retained alternate counsel for the purpose of deposing this expert witness, proceeding with a trial deposition of the Plaintiffs expert at this time would cause great prejudice to the Defendants.

Accordingly, the defendants seek a motion for protective order that the trial deposition of Dr. Myerburg not proceed until the Defendants have had an opportunity to take a discovery deposition of Dr. Myerburg on a date and time agreeable to all parties and counsel, including new counsel Attorney Brave.

II. **LAW AND ARGUMENT**

Rule 26(c) of the Federal Rules of Civil Procedure, provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…. The motion must include a certification that the movant has in good faith conferred

>or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expensive, including one or more of the following:
>
>>(A) forbidding the disclosure or discovery;
>>
>>(B) specifying the terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>>…
>>
>>(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters….

While the scope of discovery is broad, it "is not without bounds, and limitations are imposed where the discovery is 'unreasonably cumulative or duplicative,' overly 'burdensome … [or] expensive' or 'the burden or expense of the proposed discovery outweighs its likely benefit.'"  H. Lewis Packaging, LLC v. Spectrum Plastics, Inc., 2003 WL 22305148 at *1 (D. Conn. Aug. 10, 2003) (citing Fed.R.Civ.P.26(b)(2)).  "The grant and nature of protection is singularly within the discretion of the district court…." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2nd Cir. 1992) (citing Galella v. Onassis, 487 F.2d 986, 997 (2nd Cir. 1973)).

A protective order is appropriate to "prevent injury, harassment or abuse of the court's processes.'"  Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940, 944-45 (2nd Cir. 1983) (internal citation omitted).  "Where … the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause."  Dove v. Atlantic Capital Corp., supra, 963

4

F.3d at 19 (citing <u>Penthouse Intern., Ltd. v. Playboy Enterprises, Inc.</u>, 663 F.2d 371, 391 (2nd Cir. 1981)).  Good cause may be shown where the party demonstrates "'a particular need for protection.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, so not satisfy the … test.'"  <u>H. Lewis Packaging, LLC v. Spectrum Plastics, Inc.</u>, <u>supra</u>, 2003 WL 22305148 at *3 (citing <u>Cipollone v. Liggett Group Inc.</u>, 785 F.2d 1108, 1121 (3d Cir. 1986)).

      Here, for plaintiffs to force the defendants to go forward with the trial deposition of Dr. Myerburg before a discovery deposition could be held and where the deadline for deposing initial experts is more than six months away is highly prejudicial to the defendants. While plaintiffs have chosen to focus on Dr. Myerburg's trip to Boston as a way to avoid costs, this offsetting of costs to the plaintiffs cannot trump the defendants' right to take a discovery deposition of Dr. Myerburg prior to being forced to cross-examine him months, if not years, before trial. It should be noted that there is no date for trial yet set in this matter, and Attorney Brave is just appearing this week. Attorney Brave needs time to familiarize himself with the case and with Dr. Myerburg's extensive expert report.  Rescheduling this deposition to a time when all parties are prepared will not impact the schedule for expert discovery set by this court.   In the interim the Parties are focusing on fact witness and party discovery, with 4 party depositions having firm or near firm dates.  That said, there remain numerous other fact witness depositions to be completed, as well as Mr. Ramos's deposition.

Accordingly, the defendants request a protective order from the Court that the deposition of Dr. Myerburg not proceed on November 20, 2016.

III. **CONCLUSION**

WHEREFORE, the defendants respectfully request that the Court grant their Motion for Protective Order as set forth herein.

**DEFENDANTS,
TOWN OF EAST HARTFORD, SERGEANT
JAMES LIS, OFFICER JASON COHEN
AND CHIEF SCOTT SANSOM OF THE
EAST HARTFORD POLICE DEPARTMENT**

By  */s/ Thomas R. Gerarde*
  Thomas R. Gerarde
  ct05640
  Winifred B. Gibbons
  ct29997
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114-11921
  Ph:  (860) 249-1361
  Fax: (860) 249-7665
  E-mail: tgerarde@hl-law.com
  E-mail: wgibbons@hl-law.com

## CERTIFICATION

I hereby certify that on November 15, 2017, a copy of foregoing MOL to Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by U.S. Mail to as indicate on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

**David M. Cohen, Esquire**
**Zachary J. Phillipps, Esquire**
**Leonard M. Braman, Esquire**
**Wofsey, Rosen, Kweskin & Kuriansky**
**600 Summer Street**
**Stamford, CT 06901**

**James N. Tallberg, Esquire**
**Dennis M. Durao, Esquire**
**Karsten & Tallberg LLC**
**500 Enterprise Drive**
**4th Floor, Suite 4B**
**Rocky Hill, CT 06067**

                                         */s/ Thomas R. Gerarde*
                                         Thomas R. Gerarde