```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

WILSON RAMOS, As administrator    :
of the Estate of Jose A.          :
Maldonado, and Individually,      :
                                  :
     Plaintiffs,                  :
                                  :
     v.                           :     CASE NO. 3:16cv166(VLB)
                                  :
TOWN OF EAST HARTFORD, OFFICER    :
JASON KAPLAN, SERGEANT JAMES LIS, :
OFFICER JASON COHEN, AND CHIEF    :
SCOTT SANSOM OF THE EAST HARTFORD :
POLICE DEPARTMENT,                :
                                  :
     Defendants.                  :
```

RULING ON PLAINTIFFS' MOTION TO QUASH OR MODIFY SUBPOENA

Pending before the court is the plaintiffs' motion to quash a subpoena served on the Keeper of Records of Manchester Memorial Hospital by defendants. (Dkt. #86). For the following reasons, plaintiffs' motion to quash is GRANTED.

I.  Background

This action arose from a tragic incident that took place on April 13, 2014, resulting in the death of Mr. Jose A. Maldonado while he was in the custody of the East Hartford Police Department. In the lawsuit plaintiffs allege that the death was the result of excessive force when Mr. Maldonado was tased while officers were attempting to place him and Mr. Ramos in a holding cell following their arrest.

On March 9, 2018, defendants served a notice of deposition and subpoena which required the Keeper of Records of Manchester Memorial Hospital to produce a variety of documents, including, Mr. Maldonado's entire medical file.  The required information was specifically divided into two categories:  (1) all documents relating to Mr. Maldonado's mental health and accompanying treatment, and (2) all documents relating to medical treatment of Mr. Maldonado.  In response to the subpoena plaintiffs filed the pending motion to quash.

II. Discussion

Parties are entitled to obtain discovery relating to any non-privileged matter relevant to the litigation.  Fed. R. Civ. P. 26(b)(1).  Within this boundary, the information need not be admissible at trial to be discoverable.  *Id.*  However, under Rule 45(d)(3)(A), "the court for the district where compliance [with a subpoena] is required <u>must</u> quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]"[1] (Emphasis added).

---

[1] The Court additionally notes that typically "a party has no standing to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."  9A Charles A. Wright & Artur R. Miller, Fed. Prac. & Proc. Civ. § 2459 (3d ed. 2017).  Here the privacy interest of the party will be sufficient to warrant granting standing to challenge a subpoena.  *See Jacobs v. Connecticut Cmty. Tech. Colleges*, 258 F.R.D. 192, 195 (D. Conn. 2009).

Plaintiffs argue in their motion that the subpoena should be quashed for two reasons. First, it seeks material protected by the psychotherapist-patient privilege. Second, the subpoena is overbroad and seeks primarily irrelevant evidence.

In response, the defendants argue that the information should be produced because: (1) any mental illness treatment or general medical treatment is relevant when evaluating Mr. Maldonado's alleged damages for loss of life's enjoyment; and (2) the requested mental health information could be relevant to a dispute over Mr. Maldonado's alleged cause of death. Specifically, defendants dispute that Mr. Maldonado died from cardiac arrest as a result of the taser utilized by the officers. Rather, defendants seem to allege that Mr. Maldonado possibly suffered from excited delirium syndrome ("EDS"). EDS, defendants allege, can cause sudden heart failure brought on by extreme stress. Further, defendants allege that serious mental illness is a component of EDS.[2] Because the Court finds that the information sought in defendants' subpoena is privileged and not

---

[2] The Court notes that defendants have provided a single article from the Journal of Emergency Medicine which attempts to define EDS based on the existing literature on the subject. Gary M. Vilke et al., Excited Delirium Syndrome (EXDS): Defining Based on A Review of the Literature. 43 J. of Emer. Med. 897 (2011). The Court does not take a position on the debate highlighted by the literature regarding the existence of EDS, rather, the Court on other grounds finds that the motion to quash should be granted.

3

subject to any waiver, the Court does not need to opine on the cause of Mr. Maldonado's death, whether by taser or EDS.

In *Jaffe v. Redmond*, 518 U.S. 1 (1996), the Supreme Court recognized that communication between a mental health professional and a patient is privileged.  The Court found that for psychotherapy to be successful it "depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears."  *Jaffee*, 518 U.S. at 10. Further, the Court stated that "the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment." *Id*. In reaching this conclusion the Court also explicitly rejected the idea of using a balancing test.  The Court determined that "[m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." *Id.* at 17.  The Court did, however, state that this privilege is subject to waiver, like other testimonial privileges.  *Id*. at 15 n. 14.

The Second Circuit Court of Appeals has analyzed the issue of waiver in the context of the psychotherapist-patient

4

privilege and found that waiver will apply only in relatively narrow circumstances. *See Jacobs v. Connecticut Cmty. Tech. Colleges,* 258 F.R.D. 192, 196 (D. Conn. 2009). The primary case in defining the scope of the waiver in this Circuit, *In re Sims*, involved a plaintiff who asserted a civil rights claim and the central issue was whether he had waived the psychotherapist-patient privilege through pleadings or interrogatory responses. *See In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). The Court stated that, similar to other testimonial privileges, the psychotherapist-patient privilege could be subject to both an express or implied waiver. *Id*. at 131. Continuing, *Sims*, identified that fairness considerations come into play when determining if the privilege has been expressly or impliedly waived, as a party should not be free to utilize a privilege as both a "shield and a sword." *Id*. at 132. Highlighting the importance of the privilege the Court articulated that

> a plaintiff does not forfeit his psychotherapist-patient privilege merely by asserting a claim for injuries that do not include emotional damage; that a plaintiff does not forfeit that privilege by merely stating that he suffers from a condition such as depression or anxiety for which he does not seek damages; that plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege; *and that a party's psychotherapist-patient privilege is not overcome when his mental state is put in issue by [] another party.*

*Id*. at 134 (emphasis added).

In this case, the complaint does not raise any issues related to any emotional distress suffered by Mr. Maldonado, such that it might open the door to a waiver of the psychotherapist-patient privilege. Indeed, plaintiffs have done nothing to put Mr. Maldonado's mental condition at issue in this matter. Defendants argue that a statement made by Mr. Maldonado's grandmother, Ms. Reyes, in which she states to the Connecticut State Police that Mr. Maldonado was being treated for schizophrenia at some point, coupled with defendants' article about EDS make the requested medical records relevant. However, potential relevance alone in this case is insufficient to overcome the psychotherapist-patient privilege. In fact, later in Ms. Reyes' statement to the Connecticut State Police she states that Mr. Maldonado was never diagnosed with schizophrenia. (Dkt. 87-2 at 2.) Ms. Reyes also affirmatively states in her deposition that Mr. Maldonado did not suffer from any mental health conditions or specifically schizophrenia. (Dkt. 88-1 at 3.) While the Court will not address Ms. Reyes' conflicting statements, the conflicting statements and the defendants' argument in support of relevance do not overcome the privilege in this matter.

As Mr. Maldonado's mental health has not been made an issue by the plaintiffs' case, nor has any evidence been produced to

6

show that Mr. Maldonado or his counsel have attempted to use the psychotherapist-patient privilege as a sword and a shield, the Court is unwilling to conclude that the privilege has been waived.  Therefore, the motion to quash is granted as it relates to all mental health records.

Although each brief only makes a passing reference, at best, to defendants' request for all of Mr. Maldonado's medical records from Manchester Memorial Hospital, the motion to quash is granted as it relates to that request.  Plaintiffs argue that this request is overbroad and irrelevant.  The Defendants only argument related to those medical records is that the information will relate to damages regarding Mr. Maldonado's loss of life's enjoyment damages.

The Court finds that this subpoena request is too broad and likely to produce information wholly irrelevant to the matters at issue in this case.  In the event that the Defendants would like to obtain medical records directly relating to the issue of cardiac arrest or recent medical conditions that may have had an impact on Mr. Maldonado's enjoyment of life, they are instructed to reframe and limit their request.

III. Conclusion

For the foregoing reasons, plaintiffs' motion to quash the subpoena served on the Keeper of Records of Manchester Memorial Hospital is GRANTED.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2.  As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 18th day of April, 2018 at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge