UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILSON RAMOS, individually and          :
as administrator to the estate          :
of Jose A. Maldonado,                    :
                                         :
    Plaintiff,                           :
                                         :          3:16-CV-166 (VLB)
    v.                                   :
                                         :          July 13, 2018
TOWN OF EAST HARTFORD, OFFICER           :
JASON KAPLAN, SERGEANT JAMES             :
LIS, OFFICER JASON COHEN, and            :
CHIEF SCOTT SANSOM OF THE EAST           :
HARTFORD POLICE DEPARTMENT,              :
                                         :
    Defendants.                          :

MEMORANDUM OF DECISION
GRANTING IN PART AND DENYING IN PART DEFENDANT JASON KAPLAN'S
MOTION FOR LEAVE TO WITHDRAW HIS INVOCATION OF THE FIFTH
AMENDMENT AND FOR PROTECTIVE ORDER [DKT. No. 92]

I.   **Introduction**

    Now before the Court is the motion of Defendant Jason Kaplan ("Officer

Kaplan" or "Defendant") seeking the Court's leave to withdraw his invocation of

the Fifth Amendment.  He also asks for a protective order:  (i) barring the

dissemination of his deposition testimony and transcript concerning the specific

matters implicating his Fifth Amendment rights to third parties; (ii) barring

Plaintiff's counsel from commenting on such matters outside the context of a

judicial proceeding in this action; (iii) precluding Plaintiff's counsel from

mentioning or commenting on during trial in the presence of the jury Officer

Kaplan's invocation of the Fifth Amendment; and (iv) restricting use of his

1

deposition testimony and transcript by the parties to the prosecution or defense of this civil action and submission of such testimony under seal. For the reasons that follow, Officer Kaplan's motion is GRANTED IN PART and DENIED IN PART.

## II. Background

Officer Kaplan initially invoked the Fifth Amendment privilege during discovery while the Connecticut State Police investigated the circumstances surrounding Jose Maldonado's death. On March 8, 2017, the Court administratively closed this case based on the parties' representation that they were unable to proceed with discovery without jeopardizing Officer Kaplan's Fifth Amendment right against self-incrimination. [*See* Dkt. No. 47]. The Court indicated in its ruling that the case could be reopened within 35 days of the later of (1) the State's decision not to prosecute, or (2) an acquittal. *Id.* Plaintiff moved to reopen the case on June 28, 2017, stating in his motion that the State had declined to prosecute any police officers, including Officer Kaplan, in connection with Mr. Maldonado's death. [*See* Dkt. No. 49]. Subsequently, on December 28, 2017, Officer Kaplan testified under oath at a deposition, and did not invoke any Fifth Amendment privilege.

Officer Kaplan now seeks leave to withdraw his prior invocation the Fifth Amendment privilege against self-incrimination, which is specifically relevant to Officer Kaplan's written discovery responses, and asks for a protective order barring the disclosure of the fact that he previously invoked the Fifth Amendment to the jury during trial, and barring the disclosure of portions of his deposition testimony outside of the context of this action.

III.  **Withdrawal of Invocation of Fifth Amendment**

The Court first addresses Officer Kaplan's request to withdraw his invocation of the Fifth Amendment.  "The district court should, in general, take a liberal view towards . . . applications [to withdraw the Fifth Amendment privilege], for withdrawal of the privilege allows adjudication based on consideration of all the material facts to occur.  The court should be especially inclined to permit withdrawal of the privilege if there are no grounds for believing that opposing parties suffered undue prejudice from a litigant's later-regretted decision to invoke the Fifth Amendment."  *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 84 (2d Cir. 1995). Permitting withdrawal is also favored where the privilege was not invoked "primarily to abuse, manipulate or gain an unfair strategic advantage over opposing parties," *Huaman v. Sirois*, No. 3:13CV484 DJS, 2015 WL 1806660, at *2 (D. Conn. Apr. 21, 2015) (quoting *4003-4005 5th Ave.*, 55 F.3d at 85).

Plaintiff argues that Officer Kaplan should not be able to withdraw his invocation of the Fifth Amendment privilege as to his written discovery responses because this withdrawal is "proposed at this late date only to further a strategic goal of the defendant, after he has taken advantage of the privilege and then waived it de facto."  [Dkt. No. 93 at 8].  Plaintiff also emphasizes the fact that Officer Kaplan does not intend to share any information with Plaintiff that is not already contained within Officer Kaplan's deposition testimony.  However, the very fact that Officer Kaplan plans to offer no new information counsels in favor of permitting him to withdraw his invocation of the privilege as to his written

discovery responses, because Plaintiff will not be prejudiced by the amendment of these discovery responses.  While Plaintiff asserts that the initial assertion of privilege "prevent[ed] the State Police and Plaintiffs from obtaining a contemporaneous statement and written discovery responses from Defendant Kaplan," he does not explain how this circumstance prejudices his case in any way, given that Officer Kaplan later testified fully without invoking the privilege and did so well before the close of discovery.  Further, there is no dispute that Officer Kaplan validly invoked the privilege while the State investigated Mr. Maldonado's death, and that he waived his privilege by testifying after the state declined to prosecute him.  Officer Kaplan's motion is therefore GRANTED to the extent it seeks leave to amend written discovery responses to reflect that Officer Kaplan no longer asserts a Fifth Amendment privilege.

## IV.   Protective Order

The Court next addresses Officer Kaplan's request for a protective order. A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, forbidding a disclosure or requiring that a deposition be sealed and opened only on court order.  Fed. R. Civ. P. 26(c).  "[T]he vital function of a protective order . . . is to 'secure the just, speedy, and inexpensive determination' of civil disputes . . . by encouraging full disclosure of all evidence that might conceivably be relevant."  *Minpeco S.A. v. Conticommodity Servs., Inc.*, 832 F.2d 739, 742 (2d Cir. 1987) (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)).

4

Defendant asks that this protective order (i) bar the dissemination to third parties of his deposition testimony and transcript concerning the specific matters implicating his Fifth Amendment rights; (ii) bar Plaintiff's counsel from commenting on such matters, outside the context of a judicial proceeding in this action; (ii) preclude Plaintiff's counsel from mentioning Officer Kaplan's invocation of the Fifth Amendment in the presence of the jury at trial; (4) restrict use of his deposition testimony and transcript by the parties to the prosecution or defense of this civil action; and (5) require the submission of such testimony under seal.  Defendant argues that a protective order is necessary to protect Officer Kaplan's Fifth Amendment privilege, despite the fact that he has already waived this privilege by testifying under oath at his deposition.

In support of his request to keep evidence relating to the assertion of the privilege from a jury, Officer Kaplan cites *Evans v. City of Chicago*, 513 F.3d 735 (7th Cir. 2008), which found that the district court did not abuse its discretion when it barred mention of prior invocations of the Fifth Amendment by police officers who waived their privilege and were deposed prior to trial.  *Evans* does not compel this Court to exclude evidence that the Fifth Amendment privilege was asserted.  Rather, it states that "if additional discovery alleviates the prejudice from an untimely request to testify, the district court *may* exclude evidence of prior silence because 'the effect of such a ruling would [no longer] be tantamount to allowing [a party] to avoid discovery altogether.'"  *Id.* at 745 (emphasis in original).  It is left to the district court's discretion whether to exclude such evidence from a jury at trial.

5

Plaintiff, in turn, cites several cases in support of its position that the jury should be informed of Officer Kaplan's invocation of the Fifth Amendment, and should be permitted to draw an adverse inference based on this invocation.  [Dkt. No. 93].  "[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them."  *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (emphasis added).  This is because "the invocation of the privilege results in a disadvantage to opposing parties by keeping them from obtaining information they could otherwise get."  *U.S. S.E.C. v. Suman*, 684 F. Supp. 2d 378, 386 (S.D.N.Y. 2010), *aff'd,* 421 F. App'x 86 (2d Cir. 2011).  Here, as stated earlier in this decision, Officer Kaplan waived his Fifth Amendment privilege by testifying fully at his deposition; and Plaintiff has not offered any evidence that he has been prejudiced by Officer Kaplan's original invocation of the privilege.  Therefore, an adverse inference would penalize Officer Kaplan for validly asserting the privilege, without redressing any discovery deficiencies.

While the Court holds that permitting a jury to draw adverse inferences is premature in this case, the Court also finds that excluding any evidence relating to Officer Kaplan's invocation of the privilege is unnecessary at this stage.  The Court can envision circumstances under which references to Defendant's invocation of the privilege may be relevant—particularly if any of the parties seek to introduce portions of the state's investigative report into evidence.  And Defendant has offered no reason why instructing jurors not to draw any adverse

inferences based on Officer Kaplan's invocation of the Fifth Amendment would be insufficient to avoid undue prejudice.

The Court finds that the other limitations in Officer Kaplan's proposed protective order are also unwarranted. Defendant cites several cases in which courts upheld protective orders in civil cases that prevented the disclosure of information that was the subject of a criminal investigation in subsequent proceedings. However, these cases are distinguishable because in each, the parties agreed to stipulate to the confidentiality of testimony regarding acts that might expose certain witnesses to criminal prosecution to encourage fulsome disclosures during discovery. *See Minpeco S.A. v. Conticommodity Servs., Inc.*, 832 F.2d 739, 743 (2d Cir. 1987) (protective order originally entered to prevent plaintiffs from using the threat of turning over their discovery to the government in order to coerce a settlement); *Palmieri v. State of N.Y.*, 779 F.2d 861, 863 (2d Cir. 1985) (protective order granted where parties "intended to furnish discovery in this action in reliance upon this Order"); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 293 (2d Cir. 1979) (denying government access to transcripts of depositions where "the plaintiffs took pretrial depositions of certain witnesses pursuant to a stipulation of confidentiality"). Here, the subject disclosures were made despite the absence of a protective order.

The only purpose served by post hoc prohibitions on disclosing portions of Defendant's deposition testimony, would be to limit the State's and the public's access to this information. Defendant was aware of the State's interest in the events surrounding Mr. Maldonado's death prior to testifying, he knew of the

State's decision to close their investigation without pressing charges, and he consciously decided—presumably with the assistance of his attorney—to testify under oath at his deposition without the benefit of a protective order.  He has offered no evidence that the State is considering reopening the investigation, and no evidence that his testimony could render him vulnerable to criminal prosecution.  His stated rationale is therefore insufficient to justify limiting access to his deposition testimony, and the Court must DENY his request for a protective order.

## V. <u>Conclusion</u>

For the foregoing reasons, Defendant's motion is GRANTED IN PART as it relates to his request to withdraw his invocation of the Fifth Amendment. Defendant's motion is DENIED IN PART in all other respects.

SO ORDERED 13th Day of July, 2018 at Hartford, Connecticut.

_____/s/_____
Honorable Vanessa L. Bryant
United States District Judge

8