UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILSON RAMOS, As Administrator of The Estate of Jose A. Maldonado, and Individually, | : : : : | No. 3:16-CV-166 (VLB) |
| Plaintiffs, | : : | February 11, 2019 |
| v. | : : | |
| TOWN OF EAST HARTFORD et al., | : : | |
| Defendants. | : | |

## MEMORANDUM OF DECISION GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DKT. 105]

Plaintiff Wilson Ramos ("Ramos"), as administrator of the Estate of Jose A. Maldonado, and individually, initiated this action against the Town of East Hartford and Officers Jason Kaplan, James Lis, Jason Cohen, and Chief Scott Sansom (collectively, "Defendants"), for various state and federal claims stemming from an incident with Defendants on April 13, 2014 which resulted in the death of Ramos's brother, Jose Maldonado. On May 30, 2018, Plaintiffs moved for leave to file a second amended complaint. *See* Dkt. 105 [Pls.'s Mot. for Leave to File Second Am. Compl.]. Plaintiffs claim that the proposed second amended complaint merely amplifies their existing claims with facts learned in discovery. Defendants argue that Plaintiffs have not shown good cause to amend the complaint and any amendment would substantially prejudice them.

I. **Factual Background**

Plaintiffs move to amend two paragraphs of the first amended complaint.[1] Plaintiffs' first suggested change is set forth in full below with the proposed new language underlined ("Paragraph 42"):

> 42. Defendant officers were indifferent to the risk of death their use of force had caused Maldonado, and to their obligation to provide immediate medical assistance to preserve his life. <u>They failed to assess his condition immediately in the aftermath of the taser discharge into his chest and the blunt trauma to his head (a) to learn that he was unconscious and in need of immediate medical assistance, or (b) to render life-saving assistance such as cardiopulmonary resuscitation (CPR) or the available automated external defibrillator (AED) prior to the arrival of emergency medical responders. They failed to summon emergency medical assistance for more than seven minutes, during which period Maldonado was dying from a sudden cardiac arrest.</u>

Plaintiffs' second suggested change is the addition of the following new paragraph which is set forth in full below ("Paragraph 54"):

> 54. Notwithstanding the known risk to life posed by firing a taser into the anterior chest, East Hartford police officers did so 16 times during 2014 and 2015. On no occasion did any superior officer object to that improper and dangerous practice, and none of the officers responsible were disciplined, counseled, or singled out for retraining. Among those incidents during that two-year period, four officers, including defendant Kaplan, were responsible for firing the taser into a civilian's chest in multiple separate incidents. In the 16 incidents, East Hartford police officers targeted black and Hispanic civilians 14 times and white civilians 2 times. Defendant East Hartford authorized, condoned, and ratified the excessive, life-threatening, and unlawful use of the taser weapon by its police officers in a manner that cost the life of Jose Maldonado and placed at risk the lives of many other individuals.

---

[1] Plaintiffs also move to correct certain typographical errors throughout the complaint. Defendants do not object to Plaintiffs' motion as it relates to the typographical errors.

## II. Procedural History

On February 2, 2016, Plaintiffs filed their initial complaint. On March 30, 2016, the Court adopted the parties' Rule 26(f) report which set May 2, 2016 as the deadline for amending the complaint. *See* Dkt. 10. On February 25, 2017, Plaintiffs moved to extend the discovery deadlines, but they did not request an additional opportunity to amend the complaint. *See* Dkt. 44 [Mot. Upon Consent to Modify Scheduling Order]. On March 8, 2017, the Court dismissed the case without prejudice pending a decision by the State's Attorney whether to prosecute any of the involved officers. *See* Dkt. 47 [Order Dismissing Case]. Plaintiffs filed a motion to reopen on June 28, 2017. *See* Dkt. 49 [Mot. to Reopen Case]. The Court granted the motion and issued a new scheduling order. *See* Dkts. 51, 53. The scheduling order did not include a new deadline for amending the complaint. *See* Dkt. 53. Both parties completed fact discovery by March 14, 2018 and expert discovery by August 29, 2018. *See* Dkt. 100 [Mot. On Consent for Enlargement of Time]. On May 30, 2018, Plaintiffs filed the instant motion for leave to file a second amended complaint.

## III. Standard of Review

Leave to amend a complaint after a responsive pleading has been filed should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a). Courts should grant applications to amend unless there is good reason to deny the motion such as "futility, bad faith, undue delay, or undue prejudice to the opposing party." *Min Jin v. Metro Life Ins. Co.*, 310 F.3d 184, 101 (2d Cir. 2002). However, Federal Rule of Civil Procedure 16 applies in cases such as this where a party seeks to

modify an existing scheduling order. Fed. R. Civ. P. 16; *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."). Rule 16(b)(4) provides that a district court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

The more onerous "good cause" standard applies where a scheduling order sets a deadline for amending a complaint. *See Parker,* 204 F.3d at 339-40; *see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *see also Lincoln v. Potter,* 418 F. Supp. 2d 8443, 453 (S.D.N.Y. 2006) ("When a party moves to amend the pleadings after the deadline to do so in the court's scheduling order has passed, he must satisfy the good cause requirement of Fed. R. Civ. P. 16(b) . . ."). "'Good cause' requires a greater showing than 'excusable neglect.' At a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. The inquiry focuses on the moving party's reason for requesting the extension." *Pyke v. Cuomo*, No. 92CV554(NPM/DRH), 2004 WL 1083244, at *2 (N.D.N.Y. May 12, 2004) (internal citations omitted). The Second Circuit has emphasized that "the primary consideration" in determining whether good cause has been shown "is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

4

If the Court finds that Plaintiffs have satisfied the good cause standard set forth in Rule 16(b), it must then consider whether the amended complaint survives scrutiny under Rule 15. Under Rule 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has instructed that leave to amend should be granted "absent any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Second Circuit has "referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted); *see also State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). An "[a]mendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy*, 626 F.3d at 725-25 (internal quotation marks and citation omitted).

Courts have granted motions to amend where the litigation has progressed significantly, even past discovery, on the grounds that absent a showing of prejudice, leave to amend should be freely given. *See e.g., State Teachers Ret. Bd.*, 654 F.2d at 845-46 (amendment allowed after three-year interval); *Middle Atl. Utils.*

*Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 385 (2d Cir. 1968) (amendment allowed after three-year interval and notice of trial readiness and plaintiff was aware of facts supporting new claims two years before filing of original complaint).

IV. <u>Discussion</u>

Plaintiffs assert that good cause exists to grant their motion to amend because they acted diligently in seeking to amend the complaint to add facts shortly after those facts became known. Defendants argue that Plaintiffs were not diligent and the proposed amendments would prejudice the defense.

A. Amendment Under FRCP 16(b)

Pursuant to the Court's scheduling order, Plaintiffs' deadline to amend the complaint was May 6, 2016. Plaintiff filed the instant amended complaint on May 30, 2018, more than two years after the deadline. The case was closed, however, for approximately four months from March 8, 2017 to July 11, 2017. *See* Dkts. 47, 51. Plaintiffs moved to amend the complaint approximately ten months after the case was reopened.

Defendants allege that Plaintiffs did not act diligently because the proposed amendment is based on information that Plaintiffs knew or should have known, in advance of the motion deadline, by way of the police report and fire department records[2] which contained detailed timelines regarding allegations made in Paragraph 42. *See* Dkt. 107 [Obj. to Pls.'s Mot. For Leave to File Second Am. Compl. ("Def.'s Obj.")] at 9-10. The proposed amendment to Paragraph 42 addresses Defendants' failure to immediately assess Maldonado's condition and to render

---
[2] On November 3, 2016, pursuant to the Plaintiffs' Freedom of Information request, Defendants provided Plaintiffs with East Hartford Fire Department records.

6

lifesaving care. Plaintiffs learned additional information about Defendants' failure to provide care through the depositions of the Defendants, conducted from December 2017 through March 2018. For example, Officer Kaplan testified that he did not provide medical assistance to Maldonado after he was tased. *See* Dkt. 111 [Reply Mem. In Supp. of Pls.' Mot. for Leave to File Second Am. Compl. Ex. C (Kaplan Dep.)] at 104:13-16. Officers Lis and Cohen testified similarly. *Id.* at Ex. D (Lis Dep.) at 115:5-15; Ex. E (Cohen Dep.) at 99:1-7. Moreover, the state police investigation which Defendants claim provided this information did not investigate the delay in calling for medical treatment. *Id.* at Ex. J (Meehan Dep.) at 45:3-17. Regardless of the exact timing of Plaintiffs' discovery of additional details regarding Defendants' failure to provide care to Maldonado, the Court finds that Plaintiffs' amendment of Paragraph 42 is timely because it is merely stating with greater specificity information already alleged in the complaint.

With regard to Paragraph 54, which adds allegations about the East Hartford Police Department's authorization of taser use, Defendants argue that Plaintiffs learned these facts in November and December 2017 while reviewing case incident reports. Defendants claim that Plaintiffs were not diligent because they waited nearly six months after this review to file their motion to amend. *Id.* at 9. Plaintiffs claim that they did not know the extent to which the East Hartford Police Department condoned taser use until Defendant Sansom's testimony in March 2018. Chief Sansom testified that he was not concerned about the disproportionate use of tasers against minorities or the firing of tasers into the chest of suspects. *Id.* at Ex. L (Sansom Dep.) at 141:13-20, 136:9-14. Once Plaintiffs had these

7

additional facts, they alleged that no superior officer objected to officers firing a taser into a suspects' chest and therefore, the East Hartford Police Department condoned the practice by its officers. The Court finds that Plaintiffs moved to amend the complaint to add Paragraph 54 within a reasonable time after learning of the East Hartford Police Department's attitude about taser use.

B.     Amendment Under FRCP 15(a)

Defendants claim they would be prejudiced if the Court allowed Plaintiffs to amend the complaint and they would need additional discovery. Specifically, with regard to Paragraph 42, Defendants claim they need discovery on the following topics: the timing of any failure to identify and respond to Maldonado's specific medical needs; the Defendants' failure to assess Maldonado's condition; the necessity of immediate medical assistance; fact and expert evidence relevant to any failure of care; the standards of medical care by police officers; and expert discovery relevant to any difference that would have occurred with additional medical care. *See* Dkt. 107.

With regard to Paragraph 54, Defendants claim they need discovery on the following topics: a full objective identification, capture, organization, review, and analysis of all East Hartford Police Department use of force incidents from January 1, 2014 through December 31, 2015; a review of all 2014-2015 police encounters, arrests, detentions, and force incidents by race to objectively determine racial composition of all police encounters, arrests, detentions, and force incidents; and one or more experts to review and analyze all 2014-2015 incidents. *See* Dkt. 107. The Court disagrees with Defendants' assessment. The Court finds that the

Defendants are not prejudiced because they were put on notice of Plaintiffs' claims regarding Paragraph 42 and Paragraph 54 through various pleadings, including the original complaint, and they had the opportunity to take, and did take, relevant discovery.

First, the operative complaint puts Defendants on notice of these allegations. With regard to Paragraph 42 for example, Paragraph 29 of the operative complaint describes the Defendants' failure to render care to Maldonado even after rendering him unconscious, alongside their failure to check on his welfare or take measures necessary to respond to his condition at the time. *See* Dkt. 36 [Am. Compl.] at ¶ 29. Further, Paragraph 30 states that rather than monitoring Maldonado or providing him with emergency medical care, Defendants abandoned him on the floor for approximately five minutes. *Id.* at ¶ 30. Throughout the complaint, additional paragraphs provide Defendants ample notice of Plaintiffs' allegations that Defendants failed to assess Maldonado's condition and provide him with immediate medical care.[3] Indeed, the Court finds that the main thrust of Plaintiffs' complaint is the allegations contained in Paragraph 42. For that reason, the proposed amendment to Paragraph 42 is non-substantive and does not prejudice Defendants.

With regard to Paragraph 54, the operative complaint alleged that East Hartford police officers disproportionately used tasers against minorities and the East Hartford Police Department authorized and condoned the practice. In fact, Paragraphs 49 through 55 of the operative complaint allege that Defendants' use

---

[3] *See e.g.*, Dkt. 36 at ¶¶ 31, 41-42, 46, 57-58, 61(d), 66(h)-(j), 72, 62(b),(f), 90(a)-(b), 91(a), 100.

of force against Plaintiffs was racially motivated. Further, these paragraphs describe a nationwide and statewide patterns of deadly police force (including taser incidents) against individuals who are African-American or Latino. Plaintiffs' operative complaint alleged that once data specific to the East Hartford Police Department for 2014 became available a similar pattern would be revealed. *Id.* at ¶¶ 49-55.[4] The Court finds that Defendants are not prejudiced by the proposed addition of Paragraph 54 because Plaintiffs alleged systemic discrimination throughout the original complaint.

Second, Plaintiffs' discovery requests put Defendants on notice of these allegations. With regards to Paragraph 42, while deposing Defendant Lis, Plaintiffs asked: "Isn't it true that on the evening in question [factors to determine whether Maldonado was in need of medical assistance were not taken into account] until the three of you (Kaplan, Cohen, and Lis) re-entered the cell several minutes after [Maldonado] had been lying on the floor handcuffed?" *See* Dkt. 111 [P.'s Ex. D (Lis Dep.)] at 115:2-8. This question raises issues regarding the assessment of Maldonado's condition and timing related to the incident in question. *Id.* There are additional instances where Plaintiffs inquired about Defendants' assessment of Maldonado's condition, their obligation and duty to provide immediate medical assistance, the medical tools that can be used to provide this assistance and the length of time that it took to request such assistance.[5]

With regards to Paragraph 54, the Rule 26(f) report indicates that both parties

---

[4] *See also* Dkt. 36 at ¶¶ 72-78; 58; 66-71 (instances where issues raised in the proposed Paragraph 54 are raised in the operative complaint).
[5] *See* Dkt. 107 [Ex. C] at 10:4-9, 56:24-63:18, 103:21-104:16, 109:7-17, 175:12-20; [Ex. D] at 37:9-15, 111:18-112:25, 114:21-115:22; [Ex. E] at 37:10-40:13, 99:1-7.

anticipated discovery on the racial composition of East Hartford, of the East Hartford Police Department, of individuals arrested by the East Hartford Police Department and by the individual defendants, and of individuals upon whom the individual defendants and other East Hartford police officers have deployed tasers. *See* Dkt. 9 [Rep. of Parties' Planning Meeting] at § 5.E.A.

Third, on December 19, 2016, the Court issued an order granting Plaintiffs' motion to compel evidence on the following issues: the racial and ethnic makeup of East Hartford Police force[6]; East Hartford arrest statistics[7]; arrest statistics for each of the defendant officers[8]; and East Hartford Police Department's history of taser use[9]. *See* Dkt. 37 [Mem. of Decision Granting-In-Part and Denying-In-Part Pls.'s Mot. for an Order to Compel Disc.]. The Court specifically found that evidence relating to these issues was both proportional and relevant to Plaintiffs claims. The Court explained that "Interrogatories 12 and 13 are relevant to Plaintiff's claims and proportional to the needs of this case, as required by Rule 26(b)(1). In particular, the interrogatories are relevant to the claim that '[i]t is the longstanding widespread custom, habit, practice, and/or policy of Defendant Town of East Hartford to permit police officers to use race and race-based animus as motivating factors in police decisions and actions,' [*see* Compl. ¶ 55]." *Id.* at 11. The Court also found that arrest statistics and taser use statistics were relevant to Plaintiffs' claim that Defendants engaged in a pattern or practice of discriminatory policing. *Id.* at 12, 14-15.

---

[6] *See* Dkt. 20-3 [Ex. B (Defs.' Objs. to Pls.'s Interrogs. and Production Reqs.)] at 4-5.
[7] *Id.* at 5-6.
[8] *Id.* at 6-7.
[9] *Id.* at 10-11.

Lastly, the record demonstrates that Defendants had an opportunity to take discovery on the allegations in Paragraph 42 and Paragraph 54. With regards to Paragraph 42, Defendants' expert rebutted Plaintiffs' expert opinion that Maldonado likely would have survived without significant brain damage had he received CPR immediately and an AED within a few minutes after onset of cardiac arrest. *See* Dkt. 111 [P.'s Ex. L (Kroll Report)] at 45-46. With regards to Paragraph 54, the Plaintiffs raised these issues throughout the operative complaint, the Rule 26(f) report and discovery. *See* Dkt. 9. Defendants were compelled to produce information regarding Paragraph 54. Additionally, in November and December of 2017, Plaintiffs' counsel traveled to East Hartford and reviewed records. Defendants' counsel was present while Plaintiffs sought copies of certain incident reports. The Court finds that Defendants had ample notice and opportunity to conduct discovery of their own records.

V. Conclusion

For the foregoing reasons, the Plaintiffs' Motion for Leave to File Second Amended Complaint is GRANTED.

                            IT IS SO ORDERED.

                                /s/
                          Hon. Vanessa L. Bryant
                          United States District Judge

Dated at Hartford, Connecticut: February 11, 2019.