UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILSON RAMOS, As Administrator of The Estate of Jose A. Maldonado, and Individually,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF EAST HARTFORD *et al.*,<br><br>Defendants. | No. 3:16-CV-166 (VLB)<br><br>October 8, 2019 |

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b) [DKT. 213]**

**II. Introduction and Background**

On April 13, 2014, Jose Maldonado and Officers Jason Kaplan, James Lis, and Jason Cohen got into an altercation. Minutes later, Jose Maldonado died. Plaintiff Wilson Ramos ("Ramos"), Maldonado's half-brother, witnessed the altercation and Maldonado's death. As administrator of the Estate of Maldonado ("Estate") and as an individual, Ramos sued Kaplan, Lis, and Cohen in their official and personal capacities, under 42 U.S.C. § 1983 and for state law claims. [Dkt. 187 (Third Am. Compl.) at ¶¶61-66, 73-101]. Ramos and the Estate also sued Chief Scott Sansom and the Town of East Hartford ("Town") under 42 U.S.C. § 1983 asserting municipal liability for a policy or custom that caused Ramos and the Estate to be denied a constitutional right (the *Monell* claim), as well as for additional state law claims. *Id.* at ¶¶ 67- 91, 102-107.

1

In a Memorandum of Decision dated July 2, 2019, the Court granted Defendants' motions for summary judgment of the following claims: (1) unreasonable search and seizure by Ramos against Lis; (2) excessive force by Ramos against Lis; (3) failure to intervene by Maldonado's Estate against Kaplan, Lis and Cohen; (4) *Monell* by Ramos and Maldonado's Estate against Town and Sansom; (5) Connecticut Constitution Articles 7 and 9 by Ramos and Maldonado's Estate against all Defendants; (6) negligence by Ramos and Maldonado's Estate against all Defendants; (7) wrongful death by Maldonado's Estate against Town and Sansom; (8) false arrest by Ramos against Lis and Cohen; and (9) Conn. Gen. Stat. §52-557n by Ramos and Maldonado's Estate against Town. *See Ramos v. East Hartford*, No. 3:16-cv-00166 (VLB) [Dkts. 189, 195]. The Court let the following five claims go forward to trial: (1) excessive force against Kaplan, Lis, and Cohen; (2) deliberate indifference against Kaplan, Lis, and Cohen; (3) wrongful death against Kaplan, Lis, and Cohen; (4) bystander emotional distress by Ramos against Kaplan, Lis. and Cohen; and (5) Conn Gen Stat §7-465 by Ramos and the Estate against Town. D.

The Defendants have since appealed the Court's denial of qualified immunity, Dkts. 207 and 208. The Court administratively closed the case pending the appeal. [Dkt. 211].

Now before the Court is Plaintiffs' motion for entry of a partial final judgment of dismissal under Federal Rule of Civil Procedure 54(b) on Ramos and the Estate's claim against Town and Sansom. [Dkt. 213]. Defendants did not respond to Plaintiffs' motion.

For the reasons given below, the Court finds that there is no just reason for delay and GRANTS the motion. The Clerk is directed to enter final judgment as to Ramos and the Estate's *Monell* claim (the Second Count of Plaintiff's Third Amended Complaint, [Dkt. 187 at ¶¶ 1-72]).

## II. Law

The standard for whether to direct the entry of partial final judgement is set by Rule 54(b) of the Federal Rules of Civil Procedure, which provides as follows:

> "When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Fed. R. Civ. P. 54(b). In the Second Circuit, "To have final judgment under the rule, (1) multiple *claims* or *parties* must be present, (2) at least one claim, or the right and liability of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no reason for delay' and expressly direct the clerk to enter judgment." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

The third factor is "addressed to the ultimate decision to direct the entry of judgment…, [which] decision 'is left to the sound judicial discretion of the district court' and 'is to be exercised in the interest of sound judicial administration.'"

*Ginett*, 962 F.2d at 1092 (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). The Court must also take into account "the equities involved." *Curtis-Wright Corp*, 446 U.S. at 8.

"Sound judicial administration must involve a proper regard for the duties of both the district court and the appellate court." *Ginett*, 962 F. 2d at 1095. When considering what is "in the interest of sound judicial administration," the Court keeps in mind that "[t]he policy against piecemeal appeals 'requires that the court's power to enter such a final judgment before the entire case is concluded… be exercised sparingly.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Hariscomm Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). Claims which are "'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification." *Id.* at 1096. Claims are "inextricably interrelated" if either (a) the appellate court "would necessarily have to reach the merits of one or more of the claims not appealed" or (b) "the ultimate disposition of the claims remaining in the district court could either moot [the appellate court's] decision on the appealed claim or require [the appellate court] to decide issues twice." *Id.* at 1095-96.

"[C]onsideration of 'the equities involved' may justify Rule 54(b) certifications by district courts which 'will speed resolution of the dispute….'" *Topps Co. v. Cadbury Stani, S.A.I.C.*, No. 99 CIV. 9437 (CSH), 2006 WL 3247360, at *2 (S.D.N.Y. Nov. 7, 2006) (quoting *Kass v. Simon*, 137 F. App'x 382, 383 (2d Cir. May 11, 2005) (summary order)).

### III. Analysis

4

**The Court finds that the three prongs of the *Ginette* test are met in this case.**

**First, there are multiple claims and multiple parties. [Dkt. 187].**

**Second, Ramos' *Monell* claim has been finally decided with the meaning of 28 U.S.C. § 1291. "If the decision 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim, then the decision is final." *Ginett*, 962 F.2d at 1092 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). In its Decision, the Court granted Defendants' motion for summary judgment on the *Monell* claim. [Dkt. 189 at 27-44, 67.]**

**Finally, the Court looks to the third factor. The Court finds that Rule 54(b) certification of Ramos' and the Estate's *Monell* claim serves the interests of judicial administration and that the equities also weigh in favor of certification.**

Judicial efficiency is advanced by an immediate appeal of the Court's ruling on Ramos and the Estate's *Monell* claim. If the *Monell* claim certified, and the Second Circuit reinstates the claim on immediate appeal, it "may yet be tried with the remaining claims." *Daniel v. Am. Bd. of Emergency Med.,* 212 F.R.D. 134, 139 (W.D.N.Y. 2002). Indeed, such circumstances have occurred before: in *Jeffes v. Barnes*, the Second Circuit reversed the district court's dismissal of plaintiffs' *Monell* claim on a Rule 54(b) appeal, reinstating them in time for the claims to be tried with the remaining claims against individual defendants. 208 F.3d 49, 55-56 (2d Cir. 2000).

On the other hand, if the *Monell* claim were not certified, the parties would try the remaining individual defendants § 1983 and state tort claims. Regardless of the verdict, Ramos and the Estate could appeal the Court's ruling on the *Monell* claim. If the Second Circuit disagreed with this Court's findings on the *Monell* claim, "a duplicative lengthy trial" on the *Monell* claim "would be required creating additional but unnecessary expense to the parties." *Hunt v. Mobil Oil Corp.,* 550 F.2d 68, 70 (2d Cir. 1977) (holding that granting a rule 54(b) motion was not an abuse of discretion where, as here, appeal would not delay the prospective trial and granting the motion avoided the possibility of a second duplicative trial); *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 16 (2d Cir. 1997) (holding that Rule 54(b) certification was proper where it would allow two related sets of claims to be tried together, and appeals would present no overlapping issues).

Certification of the appeal would allow related claims to be tried together. The trial is stayed pending the Defendants' interlocutory appeal of the court's denial of summary judgment on the basis of qualified immunity. Rule 54(b) certification will in let the Second Circuit consider the related questions of qualified immunity and [*Monell*] together, thus "avoid[ing] [delay and ]piecemeal appeals." *See Barboza v. Vill. of Liberty,* No. 13-CV-4067 (CS), 2016 WL 8653502, at *3 (S.D.N.Y. Jan. 21, 2016) (certifying partial final judgment under Rule 54(b) on plaintiff's motion where one of three groups of co-defendants filed an interlocutory appeal as of right). Moreover, given "how similar" the *Monell* issues are to those which already be raised by the qualified immunity claim, and "given that both appeals arise from the

same factual scenario," the fact "that the Second Circuit would have to consider 'additional issues,' … is not problematic." *Id.*

And, the *Monell* claims are separable from the claims remaining. The Court recognizes that the *Monell* claim ultimately relies upon a finding that the individual Defendants violated Ramos' constitutional rights. *Matican v. City of New York*, 524 F. 3d 151, 154-55 (2d Cir. 2008) (holding that if officers' actions did not violate plaintiff's constitutional rights, "the City cannot be liable to Matican under § 1983, regardless of whether the officers acted pursuant to a municipal policy or custom"); *see City of Los Angles v. Heller*, 475 U.S. 796 (1986) (per curiam) ("[None] of our cases authorizes the award of damages against a municipal corporations based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm," even if "the departmental regulations might have authorized the use of constitutionally excessive force"). One of our sister courts has found that this was enough to show that the *Monell* claim and the § 1983 claim were "inextricably interrelated," and denied a Rule 54(b) motion for certification concerning *Monell claim* on the basis of it.  *See Richardson v. City of New York*, No. 04 CIV. 05314 (THK), 2007 WL 1732424, at *2–3 (S.D.N.Y. June 14, 2007.

However, in this case, the Court dismissed Ramos' and the Estate's *Monell* claim based on issues specific to the *Monell* claim – specifically, whether there was sufficient evidence of department- or Town-wide custom or need for training, and whether there was sufficient evidence that any such custom caused the alleged violation of Ramos and Maldonado's constitutional rights. [Dkt. 189 at 37-43.]

7

**These claims are separate from the individual excessive force and state tort claims. The Second Circuit does not necessarily have to reach the merits of the un-appealed claims in order to decide the *Monell* claims. And even if there were a post-trial appeal involving the excessive force and state tort claims, the Second Circuit would not have to decide the same issues again. Moreover, the Second Circuit has ruled on *Monell*-specific causation issues on Rule 54(b) appeal before, *Barnes*, 208 F.3d at 55-56. Therefore, the Court finds that the *Monell* claims are separable. Rule 54(b) appeal would avoid "piecemeal litigation," rather than contributing to it.**

**Finally, consideration of the equities favors entering granting 54(b) partial final judgment on Ramos and the Estate's *Monell* claim because they would likely speed resolution of the dispute. As discussed above, an immediate appeal eliminates the risk of an expensive and duplicative second trial. The parties have estimated that if the *Monell claim* were reinstated and addressed along with the individual § 1983 claims, they would add at most a day to trial, but that addressing the *Monell* issues alone would require "much more than one additional day of the parties' and Court's time." [Dkt. 213. at 10 n. 2. Further because the Defendant's interlocutory appeal is already pending, certifying this Rule 54(b) appeal does not unduly delay trial.**

### IV. Conclusion

**Therefore, the Court finds that there is no just reason for delay and GRANTS Plaintiffs' Motion for Entry of Partial Final Judgment under Rule 54(b) in the interest of judicial efficiency and justice. See also, Fed. R. Civ. P 1. The Clerk is directed to**

8

enter final judgment as to Ramos and the Estate's *Monell* claim (the Second Count of Plaintiff's Third Amended Complaint, [Dkt. 187 at ¶¶ 1-72]).

                                **IT IS SO ORDERED.**

                                _____
                                **Hon. Vanessa L. Bryant**
                                **United States District Judge**

**Dated at Hartford, Connecticut**